### AKIN et al. v. SHELTON.

No. 26003.   Jan. 21, 1936.

Green & Farmer and J. E. Thrift, for plaintiffs in error.

Speakman & Speakman, for defendant in error.

CORN, J. The parties will be referred to as they appeared in the trial court, the defendant in error as plaintiff and the plaintiffs in error as defendants.

This is an appeal from an order of the trial court of Creek county sustaining motion for a new trial.

The material allegations of the plaintiff's amended petition, briefly stated, are: That he was employed by the defendants, and on December 5, 1933, while working in the oil fields, he received personal injuries, and that the defendants had failed and refused to comply with the Workmen's Compensation Act in that they had failed and refused to secure the payment of compensation for its injured employees as required and provided for by the laws of this state.

The material part of defendants' answer is as follows: That the court has no jurisdiction over the subject-matter of this action, for the relation of master and servant existed between the plaintiff and these answering defendants and same is shown by the face of the petition herein, and that the State Industrial Commission of the state of Oklahoma is the only board or court of this state having jurisdiction of the subject-matter.

Upon a jury trial, at the conclusion of plaintiff's evidence, the trial court sustained a demurrer thereto, upon the ground the district court did not have jurisdiction; that the State Industrial Commission had exclusive jurisdiction.

Upon plaintiff's motion for a new trial, the matter was thoroughly briefed and argued before the trial court. The court reversed its previous decision, and held that the district court did have jurisdiction; that the provisions of the Workmen's Compensation Act had not been complied with.

The facts as testified by the filing clerk of the Industrial Commission are substantially as follows: That forms of notice to be given by the employer to the Industrial Commission were prescribed by the commission and that none had ever been filed in the instant case. She further testified that no copy of the insurance policy issued to defendants had ever been, filed.

The only thing that had ever been filed with the Industrial Commission was what is called a "coverage card." This seems to be a card prescribed by the rules of the commission requiring insurance companies to fill out said card, which is used for the convenience of the filing clerk. It is separate and apart from the notice required by stat-

ute, and from the copy of the policy which is required to be filed. With reference to this coverage card the witness testified as follows:

"Q. When was the first record filed in your office showing that there was any insurance carried by the Akin Oil Company? A. January 22, 1934. Q. When was that filed with you (the 'coverage card')? A. January 22, 1934. Q. And, previous to that time there was nothing on file in your office or before the Industrial Commission showing that the Akin Oil Company had procured insurance? A. No, sir."

The "coverage card" shows that the Casualty Reciprocal Exchange issued and delivered to F. O. Akin Oil Company a workmen's compensation insurance policy effective November 18, 1933. Other evidence of the plaintiff was that no notice was posted by the employer about the place of business stating that the employer had complied with the provisions of the Workmen's Compensation Act.

Section 13351, O. S. 1931, is as follows:

"Every employer subject to the provisions of this act shall pay, or provide as required by this act, compensation according to the schedules of this article for the disability of his employee. * * *"

Section 13352, O. S. 1931, provides:

"The liability prescribed in the last preceding section shall be exclusive, except that if an employer has failed to secure the payment of compensation for his injured employee, as provided in this act, then an injured employee * * * may maintain an action in the courts for damages on account of such injury. * * *"

Section 13374, O. S. 1931, Employer's Insurance—Methods of Securing, provides:

"An employer shall secure compensation to his employees in one of the following ways:

"(a) By insuring and keeping insured the payment of such compensation with any stock corporation or mutual association or by exchanging contracts of indemnity or inter-insurance, under reasonable regulations prescribed by the commission providing for and securing the payment of the compensation provided in this act, or other concerns authorized to transact the business of Workmen's compensation insurance in this state. If insurance be so affected in such corporation or mutual association or reciprocal or inter-insurance association, the employer shall forthwith file with the commission, in form prescribed by it, a notice specifying the name of such insurance corporation or

mutual association or reciprocal or inter-insurance association together with a copy of the contract or policy of insurance."

The facts as disclosed by the record, briefly stated, are: The defendant had a workmen's compensation insurance policy issued, effective November 18, 1933, covering the said plaintiff; said injury occurred on December 5, 1933; the "coverage card" was not filed with the Industrial Commission until January 22, 1934; and defendant did not forthwith file with the commission a notice with a copy of the policy, as provided in section 13374, supra, and did not post notices as provided in section 13375, O. S. 1931.

The only question to be determined is whether the defendants had complied with the Workmen's Compensation Act so as to deprive the plaintiff of the right to bring an action in the district court and to require him to bring a claim before the State Industrial Commission. This proposition under the above statement of facts, has never been passed upon by this court.

In our opinion it depends upon what is meant by the word "secure." Section 13352, supra, provides that compensation is exclusive, except that if an employer has failed to secure the payment of compensation. Section 13374, supra, tells how to secure compensation. Of course, it is purely the question whether in this case compensation was secured by the defendant for the protection of the plaintiff. If the employer secured compensation to his employee, the plaintiff herein, then the exclusive jurisdiction was in the State Industrial Commission.

It is quite clear that the employer had procured insurance with the Casualty Reciprocal Exchange, effective November 18, 1933. The records of the State Industrial Commission show that a "coverage card" was on file from said insurance company, giving the effective date as November 18, 1933, and the number of the policy. The date on the card shows that it was received on January 22, 1934. Therefore, it is beyond question that the employer had procured a policy of insurance covering said plaintiff, effective prior to the date of the injury to plaintiff, but that the "coverage card" had not been received by the State Industrial Commission until after the injury, and it is further beyond dispute in the evidence and unquestioned that said insurance company had on file a copy of its standard policy of compensation insurance. The evidence shows that no further instrument

538

was filed with the State Industrial Commission. The employer had procured insurance and no question was raised about the insurance company involved.

The statute says that the liability under the Workmen's Compensation Law shall be exclusive except that if any employer has failed "to secure" the payment of compensation, and then says 'it shall be secured in a certain way.

The Legislature must have meant, when it said that the employer shall secure in one of the following methods the payment of compensation, that it will obtain or procure the same for the claimant.

The plaintiff contends that the statute contemplates that the employer must do three things in order to bring the employee within the act, to wit: (1) Secure insurance, (2) file notice with copy of policy with commission, (3) and post notices; and he cites cases from various states holding to that effect.

We have made a thorough examination of the cases cited by the plaintiff in his brief, and find all of them deal with statutes which permit the employer to elect whether he will come within the provisions of the Workmen's Compensation Act.

Under the provisions of the Compensation Act of this state, a different situation exists. Every employer who employs two or more men in a hazardous employment automatically comes under the Compensation Act; therefore, the employer has no choice and likewise the employee has no choice. They are all under the Compensation Act so long as there are two or more employees and it is a hazardous occupation. No notice is required to be given by either party. As a penalty to the employer, if he does not secure compensation to his employee, the employee has the option or right to elect whether he comes under the Compensation Act and to bring an action in court as provided by section 13352, O. S. 1931, if he desires to do so.

The cases cited by the plaintiff, which permit the employer to elect whether he will come within the provisions of the Workmen's Compensation Act so that its provisions apply to said employee without his conployee within the provisions of the Workmen's Compensation Act so that its provisions apply to said employee without his consent.

But in Oklahoma no such notice is required. Parties automatically come under the Compensation Act with the provision that if the employer does not secure the payment of compensation, then the employee may elect which right to prosecute; therefore, decisions cited from other states concerning notices are not applicable here because such decisions involve statutes entirely different from our statute.

Naturally an employee is entitled to know under which law he works, and a notice required by the statutes in order to fix that status would be necessary, but under our law the employment of two or more persons in a hazardous occupation automatically comes under the Compensation Act. Our statute which plaintiff relied on concerning the posting of notices is effective only after the employer has complied with the law in securing compensation. It does not have to be given until compensation is secured and the statute complied with. For that reason it is not part of the securing of the compensation, and is therefore directory.

The judgment of the trial court is reversed and remanded, with directions to the trial court to proceed consistent with the views herein expressed.

McNEILL, C. J., and BAYLESS, WELCH, and GIBSON, JJ., concur.