TRI-STATE CASUALTY INS. CO. v. BOWEN et al.

No. 29240. June 3, 1941.

*113 P. 2d 981.*

OSBORN, J. This is an original action in this court wherein it is sought to review an award of the Industrial Commission entered in favor of J. B. Bowen against the Oklahoma Well Servicing Company, his employer, and the Tri-State Casualty Insurance Company, its insurance carrier, for an injury sustained on December 1, 1938. The award was for temporary total disability. It will be unnecessary to state the nature or extent of respondent's injury.

The sole issue is whether or not the commission had jurisdiction to make a determination that petitioner, Tri-State Casualty Insurance Company, was the employer's insurance carrier on the date of the injury, and whether it erred in so doing.

It is shown that respondent insurance carrier issued its policy to the employer on January 1, 1938, for a period of one year. At that time the employer was a copartnership composed of C. W. Langston, Joe Plasek, and H. F. Cope. In August, 1938, Langston and Plasek sold their interests to H. F. Cope, and on August 23, 1938, a corporation was formed. The stockholders and members of the corporation are Joe Barnhill, G. Stanley, and H. F. Cope. The name of the copartnership and the name of the corporation is "Oklahoma Well Servicing Company." The policy was issued to the "Oklahoma Well Servicing Company." It is stated in the declarations that the employer is a partnership. On December 10, 1938, and in compliance with section 13377, O. S. 1931, 85 Okla. St. Ann. § 64, the insurance carrier gave a 10-day notice of cancellation of its policy, and the same was canceled on December 20, 1938.

It is noted that the notice and cancellation were both subsequent to the date of claimant's injury.

A. L. Commons, of Miami, for petitioner.

Ralph H. Schaller, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

At the outset we are met with the contention that the commission was without jurisdiction to determine whether or not there was liability from the insurance carrier to the claimant for the reason that contractual rights

between the employer and the insurance carrier were involved. A number of authorities are relied upon which will presently be referred to. It appears that there is a lack of harmony in our former opinions dealing with this question and that it will be necessary to review these cases and point out the extent of conflict therein in order to clarify our views with regard to the jurisdiction of the commission to determine liability against an insurance carrier.

Section 2, ch. 29, Session Laws 1933, in part, provides:

"Upon application of claimant, respondent or insurance carrier, the commission may set down for hearing any claim for compensation, and, after notice to the adverse party *shall proceed to hear and determine the liability of respondent and insurance carrier and or extent of disability of claimant. . . .*"

Subsection (a), section 13377, O. S. 1931, 85 Okla. St. Ann. § 64, provides:

"Every policy of insurance covering the liability of the employer for compensation issued by a stock company or by a mutual association or other concern authorized to transact workmen's compensation insurance in this state shall contain a provision setting forth *the right of the commission to* enforce in the name of the people of the State of Oklahoma, for the benefit of the person entitled to the compensation insured by the policy either by filing a separate application or by making the insurance carrier a party to the original application, the *liability of the insurance carrier in whole or in part for the payment of such compensation;* provided, however, that payment in whole or in part of said compensation by either the employer or the insurance carrier shall, to the extent thereof, be a bar to the recovery against the other of the amount so paid."

It is noted that these statutory provisions have expressly fixed authority in the Industrial Commission to determine and enforce the liability of the insurance carrier to the claimant. The case of Union Indemnity Co. v. Saling, 166 Okla. 133, 26 P. 2d 217, is authority for the proposition that, although the Industrial Commission is a tribunal of limited jurisdiction, where specific powers are granted to said commission by the Legislature, there is also authorized the use and exercise of such incidental powers as are necessary to accomplish the object sought by the legislation. It is therefore clear that since there is an express grant of power and authority to determine the liability of the insurance carrier to the claimant, it necessarily follows that the commission was vested with authority to determine whether or not the policy was effective on the date of the injury, for only in this manner may the relationship of employer and insurance carrier be established.

We shall refer to some of the cases heretofore dealing with the question. In the case of Farmers Gin Company of Manitou v. Jones, 146 Okla. 79, 293 P. 527, it was held that the Industrial Commission had jurisdiction to determine whether a compensation insurance policy had been canceled in accordance with the provisions of the statute providing for the method of cancellation, but had no jurisdiction to determine whether such policy had been canceled under the provisions of the insurance contract itself.

In order to determine the force and effect of this opinion it is necessary to take into consideration the factual situation presented. There was involved an appeal by the employer in which the principal contention was that the commission erred in its finding that a compensation insurance policy had been canceled in compliance with the statutes prior to the date of the injury involved. It appears that the employer made the contention that even though the policy was canceled in accordance with the terms of the statute, it was not canceled in accordance with the terms of the policy, in that the carrier had failed to return unearned premiums, but it was pointed out by this court that such proposition was not presented by the claimant, and that he was in no wise concerned with that controversy because it was purely a con-

troversy between the employer and the insurance carrier which was not determinable by the Industrial Commission, but by the civil courts. The holding of the court was predicated upon the proposition that the rights of the claimant were purely statutory; that he was entitled to recover from the insurance carrier unless the insurance carrier had canceled its compensation insurance in accordance with the statutory provision for cancellation thereof; that he had no rights growing out of a contract between an employer and an insurance carrier other than the rights given him by the provisions of the act. When properly analyzed the holding of the court in this decision was that the commission had jurisdiction over an insurance carrier for the purpose of determining its liability to a claimant arising by virtue of statutory provisions, but that it was without jurisdiction to determine a controversy which was solely and exclusively between the employer and the insurance carrier arising solely through contract and which, in no way, affected the statutory liability of the carrier to the claimant.

The rule announced in the case of Farmers Gin Company of Manitou v. Jones, supra, was next applied in the case of Beck v. Davis, 175 Okla. 623, 54 P. 2d 371. In that case it was shown that the employer conducted drilling operations in the State of Texas and in the State of Oklahoma; that he procured compensation insurance with the Traders & General Insurance Company of Dallas, Tex., and with the State Insurance Fund of Oklahoma. The claimant was injured while working in Oklahoma and the State Industrial Commission of this state assumed jurisdiction. The employer sought an order making the Traders Company a party respondent to the proceeding in this state. When the cause was reviewed by this court the refusal of the commission to make such an order was one of the propositions of error presented. Therein we said:

"This leaves for consideration the alleged error of the commission in refusing to make Traders & General Insurance Company of Dallas, Texas, a party respondent to the action pending before it. Petitioner urges that since his policy with this company contained an extraterritorial provision, he was entitled to have said company appear and defend him against any award that might be entered against him and in favor of the respondent on the hearing before the commission. Since the record does not show that the petitioner ever filed this contract with the State Industrial Commission of this state, and fails to show any approval by the commission, as provided by section 13374, O. S. 1931 (85 Okla. St. Ann. § 61), therefore, the effect of petitioner's motion, if granted, would have been to compel the State Industrial Commission to construe a contract of insurance between the petitioner and the insurance company. . . ."

The same rule was applied under circumstances somewhat similar in the case of United States Casualty Co. v. Ledford, 180 Okla. 416, 70 P. 2d 817, and the reasoning of the court in Beck v. Davis, supra, was adopted as controlling. A further consideration of the proposition impels us to the view that the reasoning and the conclusion in these two cases that the primary proposition presented did not involve a controversy between an employer and an insurance carrier in which a claimant was in no wise interested or concerned are faulty. The primary proposition presented was whether or not the relationship of employer and insurance carrier was in existence on the date of the injury. It is necessary for the commission to determine whether there was such a relationship in order to discharge its statutory duty in determining the liability of such insurance carrier to the injured workman. The fact that contractual rights between the employer and the insurance carrier are incidentally involved does not deprive the Industrial Commission of its jurisdiction to determine a fact which is essential to the discharge of a function enjoined upon it by statute. The two cases last cited are overruled insofar as they may conflict herewith.

The above-cited cases were followed and held to be controlling in the case of R. S. Smith Construction Co. v. Newcomb, 181 Okla. 5, 71 P. 2d 1091. In that case the Industrial Commission, as a part of its order, exonerated the State Insurance Fund, the insurance carrier of the employer, on the ground that its policy did not cover the employment of the claimant at the time he was injured, for which finding there was ample evidence. Therein we said:

"Petitioner contends that the policy issued by the State Insurance Fund covered the employment of claimant at the time he was injured. The State Industrial Commission held that it did not. Claimant, Newcomb, does not enter the controversy as to liability of the Insurance Fund. The commission was without jurisdiction to determine the matter of contractual liability between petitioner and the Insurance Fund. The contractual rights as between petitioner and the State Insurance Fund is one for a court of competent jurisdiction."

We direct attention to the statement that "the claimant . . . did not enter the controversy as to the liability of the Insurance Fund." The use of this language might lead to the conclusion that the attitude of the claimant had some relationship to the jurisdiction of the commission to determine the liability of the insurance carrier for payment of the award to the claimant. We here point out that the statutory duty of the commission to determine the liability of the insurance carrier is absolute and is not dependent upon a request for such determination by the injured workman. The conclusion reached by the court is correct. We have alluded to this case for the purpose of pointing out that undue importance should not be attached to the use of the quoted language, which might be construed as limiting the jurisdiction of the commission to make proper determination of the liability of the insurance carrier only upon request of claimant.

The above authorities were held to be controlling in the case of Bituminous Casualty Corporation v. State Indus-trial Commission, 187 Okla. 252, 102 P. 2d 607. In that case it was shown that the petitioner was insurance carrier for an employer in the State of Kansas, and on March 21, 1939, filed with the State Industrial Commission of this state a copy of its policy containing an indorsement thereon wherein it stated that its liability as such carrier extended to the State of Oklahoma from and after said date. The claimant was injured on March 15, 1939. The Industrial Commission found that the petitioner became insurance carrier for the employer ten days prior to the date named in the indorsement on the policy. We held that the commission thereby exceeded its jurisdiction. The date of coverage was shown by the indorsement on the policy and by the records of the Industrial Commission. It is thus clear that the issues presented are dissimilar to the issue involved in the prior cases which we have disapproved, and that the rule announced in the case of Farmers Gin Co. v. Jones, supra, was properly applied. In the case of Independent Oil & Gas Co. v. Mooney, 187 Okla. 472, 103 P. 2d 557, there were involved the rights of a third party who was neither the employer nor the insurance carrier.

In the case of Akin v. Shelton, 175 Okla. 536, 53 P. 2d 661, we held that the filing of the notice and copy of the policy as provided in section 1, art. 1, ch. 72, Session Laws 1937 (85 Okla. St. Ann. § 61) is not necessary to the jurisdiction of the Industrial Commission to make an award against an insurance carrier. It necessarily follows that if the notice and copy of the policy is not on file with the Industrial Commission, thereby informing the commission of the identity of the insurance carrier, it may proceed to ascertain the facts with regard to whether or not a policy of insurance has been issued and is in effect on the date of the injury.

We have heretofore referred to the statutory duty of the Industrial Commission to determine the liability of the insurance carrier. We may go a step further and point out that the juris-

diction and authority to make such determination is exclusive in the Industrial Commission. Commercial Casualty Ins. Co. v. E. B. Cooke Service Station, 165 Okla. 36, 24 P. 2d 1007; annotation 127 A.L.R. 473. If the failure of the insurance carrier to file the notice and a copy of the policy with the Industrial Commission as required by statute operates to deprive it of jurisdiction to determine the liability of such insurance carrier, then a means is provided whereby the carrier may evade the law and avoid a contractual liability, for there is no other tribunal to which an injured workman may resort in order to have such liability determined. This discloses the necessity for disapproval of the reasoning and conclusion reached by some of our former decisions.

In the instant case the Industrial Commission merely determined whether or not the relationship of insurance carrier was in existence between the Oklahoma Well Servicing Company and Tri-State Casualty Insurance Company on the date of the injury herein involved, and in so doing it was exercising one of the powers necessary to the discharge of its statutory duty of determining the liability of such insurance carrier to the claimant herein.

Petitioner contends that upon the transition of the company from a co-partnership to a corporation the policy automatically became ineffective, in that the legal entity to which the policy was issued went out of business, and that the corporation subsequently formed constituted a separate and distinct legal entity. In view of the evidence hereinafter referred to, we find it unnecessary to determine that question.

H. F. Cope, one of the partners of the original copartnership and one of the incorporators of the new company, testified, in part, as follows:

"Now, did you ever notify the Tri-State Casualty Company the Oklahoma Well Servicing Company, a copartnership, had ceased to do business? A. Yes, sir. Q. What date? A. I can't recall the date, but it was not over a week after they were bought out until we notified the agency I bought the policy from, Bob Langston. . . . By the Court: Did you have any agreement with the Tri-State Casualty Company for it to remain in force and effect? A. Not any more than we notified them of selling. By the Court: What did you tell them? Mr. Vernon: If the Court, please, I think the policy would be the best evidence. By the Court: I think so, too, but I think he can state what conversation he had with them. A. I just told them we were changing from a copartnership to a corporation. By the Court: What did they say? A. He said 'All right'. By the Court: Did you sign any agreement or make any written assignment? A. Not that I know of. Mr. Holtzendorff: Did they say anything to you with reference to whether there would be a change with respect to premium as a result of changing from a partnership to a corporation? A. No, he did not. Mr. Holtzendorff: Did he ask you assessments of any kind with respect to this change? A. No. Mr. Holtzendorff: Did he indicate any additional liability of any kind which his company would be required to assume as a result of the change? A. He did not. Mr. Holtzendorff: Did he make any effort or any suggestion that the policy should be canceled and the balance of the unearned premium returned to you and a new policy issued? A. He did not."

The witness testified further that in the month of September, he sustained an injury to his back and filed a claim with petitioner in the sum of $10, which claim was paid by it.

On December 10, 1938, the petitioner wrote the following letter to the employer:

"Oklahoma Well Servicing Company
"1521 NE 13th Street
"Oklahoma City, Oklahoma

Re: J. B. Bowen, Injured 12-1-38

"Attention: Mr. H. F. Cope

"Dear Sir:

"We are returning Form #2s, Employer's First Notice of Injury reports in the above captioned case for the rea-

son that our policy does not cover this injury, this firm having changed hands and having become incorporated August 23, 1938, and there being no consent to an assignment of our policy from the partnership to a corporation composed of entirely different individuals.

"Before we learned that this change in the ownership of this company, we paid $10 on a medical bill for an injury after that time and we are therefore asking you to reimburse us for that amount.

"Very truly yours,

"Tri-State Casualty
Insurance Company.

"By: Lee Vernon (Signed)"
"Adjuster."

As we view it, the question herein is whether or not, under the evidence to which we have referred, the policy continued in force subsequent to the partial change of ownership and the transition from a copartnership to a corporation. In the case of Illinois Indemnity Exchange v. Industrial Commission, 289 Ill. 233, 124 N. E. 665, at 669, it was said:

". . . Where there is a stipulation that a policy shall become void on the happening of some subsequent event, and the insurer has notice that the event has occurred, but does not cancel the policy, the provision is waived, and the policy remains in force. Kelley v. People's Natl. Fire Ins. Co., 262 Ill. 158, 104 N. E. 188, 50 L. R. A. (N.S.) 1164. The dissolution of a partnership does not necessarily render a policy void. Allemania Fire Ins. Co. v. Peck, 133 Ill. 220, 24 N. E. 538, 22 Am. St. Rep. 610. See, also, 2 Joyce on Insurance (2d Ed.) § 2280."

In the case of Adams v. McKay, 229 Mich. 670, 202 N. W. 962, it was held:

"Where firm became subject to Workmen's Compensation Act (Comp. Laws Supp. 1922, para. 5428), and later one partner succeeded firm, and continued business under same name, and filed certificate in compliance with Comp. Laws 1915, § 6349, and insurer there-

after continued to treat its contract with firm as binding and in force, insurer was estopped to defend against compensation claim on ground of change of interest or assignment under its indemnity policy."

See, also, Southern Underwriters v. Davis (Tex. Civ. App.) 129 S. W. 2d 720.

In the case of Collard v. Universal Automobile Ins. Co., 55 Idaho, 560, 45 P. 2d 288, at 293, it was said:

"An insurance company may elect, through its agent, to continue insurance with a new owner, although the policy provides it should be void for change of ownership. State Central Sav. Bank v. St. Paul Fire & Marine Ins. Co., 184 Iowa, 290, 168 N. W. 201; Sheets v. Iowa State Ins. Co., 153 Mo. App. 620, 135 S. W. 80; Continental Ins. Co. v. Bair, 65 Ind. App. 502, 114 N. E. 763, 116 N. E. 752."

In the case of Employers' Liability Assurance Co. et al. v. Showalter et al., 175 Okla. 286, 52 P. 2d 1060, we said:

"Where an insurance company issued a policy of workmen's compensation insurance under the laws of Oklahoma, to D. and three others as copartners, which said policy contained a proviso that no assignment of interest under the policy shall be binding upon the insurer unless its consent thereto is indorsed thereon; and where the three other partners assign their interest in the partnership and said policy to D.; and where D. thereupon made inquiry of the agents of the insurance company who sold the policy of insurance whether she would continue to be covered thereby, and was informed by said agents that the policy continued to cover her, and she relied thereon; and where third parties who were about to contract with D. upon the strength of her having such insurance coverage, made inquiry of said agents concerning D.'s coverage under the policy and were informed that she was covered thereby, and contracted with D. in reliance thereon; and where S., an employee of D., was injured while working for D. under her contract with the third parties shortly after the transfer be-

tween partners took place, held, that the insurance company will not be heard to say that D. was not covered by said policy of insurance."

We deem these authorities to be controlling. It is noted that petitioner, in the letter above quoted, denied that it had knowledge of the change of ownership and the formation of a corporation, but there is competent evidence to the contrary. It is not disputed that the agent, Langston, was a general agent of the company. No claim is made that notice to him was not notice to the insurer. He was not called as a witness, and the above-quoted testimony of the witness Cope was not contradicted. The failure of the petitioner to cancel the policy after notice of the change of ownership and the formation of the corporation and the subsequent conduct of petitioner must be treated as an election to continue the same in force. The finding of the commission, therefore, is sustained by competent evidence.

The award is sustained.

WELCH, C. J., CORN, V.C.J., and BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, J., concurs in conclusion. GIBSON, J., concurs in result.