YOUNG et al. v. POSTAL MUTUAL INDEMNITY CO. et al.

No. 29631.  June 10, 1941.

Rehearing Denied July 8, 1941.

*115 P. 2d 139.*

John Barry and Albert McRill, both of Oklahoma City, for petitioners.

Mac Q. Williamson, Atty. Gen., Coe & Johnson, of Oklahoma City, and D. D. Brunson, of Ada, for respondents.

OSBORN, J.  This is an original action in this court to review an award of the State Industrial Commission in favor of William M. Renner, hereinafter referred to as claimant, against W. G. Johnson, who was held to be primarily liable, and J. O. Young, J. D. Lydick, D. V. Godfrey, and R. F. Barry, petitioners herein, who were held to be secondarily liable. The Postal Mutual Indemnity Company and State Indus-trial Commission were named as parties respondent in this action.

It appears that Young, Lydick, Godfrey, and Barry entered into a contract with W. G. Johnson for the drilling of an oil and gas well in Coal county. Claimant was employed by Johnson as a driller. The accidental injury was sustained on October 8, 1938. The claim was filed against Johnson, J. D. Lydick, Barry, Godfrey, Young, and John M. Lydick, and it was therein stated that there was no insurance carrier. The respondents filed a motion to make the Postal Mutual Indemnity Company a party respondent for the reason that it was the insurance carrier of W. G. Johnson on the date of the accidental injury. It was further alleged that it had made an ineffectual attempt to cancel the policy. Thereafter, upon order of the commission and on July 31, 1939, said company was made a party respondent. A motion was filed by said company to vacate the order making it a party to the proceeding on the ground that it was not the insurance carrier of Johnson, the independent contractor.

Several hearings were had before the trial commissioner of the Industrial Commission. There was practically no conflict in the evidence. It appears that the negotiations between petitioners and Johnson were conducted by the petitioner Barry, who acted · for himself and the others. The contract with Johnson was executed on June 18, 1938. It was in writing and expressly provided that Johnson should "furnish and provide workmen's compensation covering his laborers." Barry testified that he ascertained that, on the date the contract was entered into, Johnson had in force and effect a workmen's compensation insurance policy that would cover and protect the laborers on the well; that on June 29, 1938, he was advised that said policy had been canceled; that he promptly communicated with Johnson, and on August 10, 1938, Johnson secured from the Postal Mutual Indemnity Company its standard workmen's compensation and employers' liability pol-

icy. Barry further testified that he was advised by Henry Clay, agent for said company, that said policy had been issued effective as of midnight on the date of August 10, 1938. The record discloses that on August 10, 1938, the Postal Mutual Indemnity Company transmitted the policy and a coverage card to Johnson at Wewoka, Okla. The letter of transmittal is as follows:

"Dear Mr. Johnson:

"Enclosed is your workmen's compensation policy as you have requested, effective August 11, 1938, for one year.

"Please sign the enclosed card and return to this post office in the self-addressed, stamped envelope which we are enclosing for your convenience. We appreciate receiving your check in the amount of $94.00 and are looking forward for the balance due in the near future. It has been a pleasure to serve you in this connection and if at any time in the future we can be of further service to you, please do not hesitate to call upon us.

"Very truly yours,
"Postal Mutual Indemnity Company
"Henry Clay

"Henry Clay, Manager
Casualty Division."

The record further discloses that on September 1, 1938, the company notified Johnson that the policy had been canceled as of September 10, 1938. It is shown, however, that petitioners were not notified of said cancellation, and it further appears that the Industrial Commission was not notified either of the issuance or the cancellation of the policy.

During the course of the hearings the respondent insurance company continued to maintain that it was not liable and offered no evidence with respect to the nature, cause, and extent of claimant's injury.

At the conclusion of the hearing the commission made its order finding that the claimant had sustained a permanent partial disability to his right hand and was entitled to compensation therefor. It was further found:

"That the motion of the Postal Mutual Indemnity Company filed herein to vacate the order of July 31, 1939, should be sustained for the reason that the State Industrial Commission is without jurisdiction to determine the contractual rights, if any, as between W. G. Johnson, J. D. Lydick, R. F. Barry, D. V. Godfrey, J. O. Young, and John M. Lydick, respondents, and Postal Mutual Indemnity Company; and that the said John M. Lydick, is not a proper party to this cause, and he should be dismissed. . . .

"The trial commissioner is of the further opinion, That the said W. G. Johnson, respondent, is primarily liable herein, and the said J. D. Lydick, R. F. Barry, D. V. Godfrey and J. O. Young are secondarily liable to comply with the terms of this order upon the failure or refusal of said respondent W. G. Johnson to do so."

An award was entered in conformity with said findings.

Subsection 2, sec. 13351, O. S. 1931, 85 Okla. St. Ann. § 11, in part, provides:

"The person entitled to such compensation shall have the right to recover the same directly from his immediate employer, the independent contractor or his intermediate contractor, and such claims may be presented against all of such persons in one proceeding. If it appears that the principal employer has failed to require a compliance with the Workmen's Compensation Law of this state, by his or their independent contractor, then such employee may also proceed in the same investigation or case against such principal employer. If it shall be made to appear in such proceeding that the principal employer has failed to require a compliance with this act by his independent contractor then such principal employer shall be liable for all such injuries to employees of his independent contractor, or the subcontractor of such independent contractor. . . ."

It is urged that by reason of the failure of Johnson to file a copy of said insurance policy, together with a notice of coverage, as provided by section 1, art. 1, ch. 72, Session Laws 1937 (85 Okla. St. Ann. § 61), and by reason of

the failure of Lydick and his associates, as principal employers, to require such filing and notice, the said principal employers (Lydick and associates) did not require a compliance with the Workmen's Compensation Law as set forth in section 13351, O. S. 1931, 85 Okla. St. Ann. § 11, and that the principal employers would be liable. While it was the duty of Johnson to file a copy of said insurance contract and a notice as above set forth, we held in the case of Akin v. Shelton, 175 Okla. 536, 53 P. 2d 661, that the provisions of the statutes above referred to were, in that respect, directory, and that the jurisdiction of the Industrial Commission was not defeated by reason of noncompliance therewith.

A fair analysis of the order herein involved shows that the commission found, in effect, that it had no jurisdiction to determine whether or not the insurance policy of Postal Mutual Indemnity Company issued to W. G. Johnson was in effect on the date of claimant's injury. But see Tri-State Casualty Insurance Co. v. J. B. Bowen and State Industrial Commission, 189 Okla. 97, 113 P. 2d 981.

Therefore, the findings and the award of the commission are vacated in whole, and the cause is remanded, with directions to the commission to determine whether or not the insurance policy involved herein was issued by a duly authorized company and was in effect on the date of claimant's injury, and for such other proceedings as are necessary to determine the nature, cause, and extent of claimant's injuries and the liability, if any, of the various respondents therefor.

CORN, V. C. J., and RILEY, HURST, DAVISON, and ARNOLD, JJ., concur. GIBSON, J., dissents. WELCH, C. J., and BAYLESS, J., absent.