OKLAHOMA STEEL CORPORATION and Pacific Employers Insurance Company, Petitioners,

v.

Freida CHAFIN, Employers Liability Assurance Corporation and the State Industrial Commission, Respondents.

No. 38662.

Supreme Court of Oklahoma.

Jan. 26, 1960.

Looney, Watts, Looney & Nichols, Oklahoma City, for petitioners.

Fisher & O'Toole, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondent.

BLACKBIRD, Justice.

■ Freida Chafin, hereinafter called claimant, commenced this proceeding to recover under the Death Benefit Provisions of the Workmen's Compensation Act, Tit. 85 O.S.1951 § 1 et seq. The claimant was awarded compensation for an accidental injury to her husband resulting in death. The award of the State Industrial Commission in substance is as follows:

"That Joel K. Chafin was in the employ of the respondent, engaged in a hazardous occupation within the meaning of the Workmen's Compensation Law on November 15, 1958, on which date he sustained an accidental injury arising out of and in the course of his employment and resulting in his death on said date.

"That no administration proceedings have been instituted in the Estate of Joel K. Chafin, nor has a guardian been appointed for the hereinafter minor dependent heirs; that the sole dependent heirs of Joel K. Chafin surviving him are as follows:

"Frieda S. Chafin, his widow

"Deborah Kay Chafin, minor daughter

"That by reason of the accidental injury and resulting death of Joel K. Chafin, his dependent heirs are entitled to recover from respondent or its insurance carriers the sum of $13,500.00, to be divided as follows:

"The respondent had a Workmen's Compensation Insurance in full force and effect at the time of said accidental injury and resulting death with both insurance carriers, Employers Liab. Assurance Corporation and the Pacific Employers Insurance Company."

The award has been paid in full and this proceeding is brought by Pacific Employers Insurance Company, joined by the employer Oklahoma Steel Corporation, to review the award in so far as it holds it liable with the Employers Liability Assurance Corporation for the award made to the claimant.

The Oklahoma Steel Corporation will be referred to as employer, and, where not mentioned by name, the Pacific Employers Insurance Company will be referred to as petitioner and the Employers Liability Assurance Corporation as respondent.

The employer prior to November 15, 1958, was insured by respondent. On the 7th day of November, 1958, employer wrote a letter canceling the contract of respondent, which cancellation was intended to be effective at midnight November 15, 1958. Employer then obtained a contract with petitioner to begin at 12:01 a.m. on November 16, 1958. On the 13th day of November, 1958, petitioner's agent at Oklahoma City issued a letter called a binder, placing the insurance contract of petitioner and employer in effect at 12:01 a. m. November 15, 1958. The claimant's husband was killed at approximately 10 a. m. November 15, 1958.

Petitioner does not dispute the effect of the letter but argues the single proposition that the State Industrial Commission had no jurisdiction to determine this question. Petitioner cites in support of this proposition certain cases hereinafter discussed.

■■■ In Tri-State Casualty Ins. Co. v. Bowen, 189 Okl. 97, 113 P.2d 981, the question was whether a contract of insurance issued to a partnership covered the employer when it changed to a corporation. Therein the court said:

"Under the provisions of section 2, Chapter 29, Sessions Laws 1933, 85 Okl.St.Ann. § 41, the State Industrial Commission is vested with jurisdiction and authority to determine the liability of an insurance carrier to an injured employee of the insured, and as an incident to the authority expressly granted, may determine from the evidence presented, whether there was a relationship of employer and insurance carrier in effect upon the date of the injury. The findings of the Commission in this regard will not be disturbed by this court when supported by competent evidence. The cases of Beck v. Davis, 175 Okl. 623, 54 P.2d 371, and United States Casualty Co. v. Ledford, 180 Okl. 416, 70 P.2d 817, are hereby overruled in so far as they are in conflict herewith."

In overruling the two cases the court said:

"* * * The primary proposition presented was whether or not the relationship of employer and insurance carrier was in existence on the date of the injury. It is necessary for the commission to determine whether there was such a relationship in order to discharge its statutory duty in determining the liability of such insurance carrier to the injured workman. The fact that contractual rights between the employer and the insurance carrier are incidentally involved does not deprive the Industrial Commission of its jurisdiction to determine a fact which is essential to the discharge of a function enjoined upon it by statute. The two cases last cited are overruled in so far as they may conflict herewith."

Further in the opinion it is stated:

"In the case of Akin v. Shelton, 175 Okl. 536, 53 P.2d 661, we held that the filing of the notice and copy of the policy as provided in section 1, article 1, chapter 72, Sessions Laws 1937, 85 Okl.St.Ann. § 61, is not necessary

to the jurisdiction of the Industrial Commission to make an award against an insurance carrier. It necessarily follows that if the notice and copy of the policy is not on file with the Industrial Commission thereby informing the Commission of the identity of the insurance carrier it may proceed to ascertain the facts with regard to whether or not a policy of insurance has been issued and is in effect on the date of the injury."

Other cases citing Tri-State Casualty Ins. Co. v. Bowen, supra, and holding the State Industrial Commission has the right to make a similar determination are, Young v. Postal Mutual Indemnity Co., 189 Okl. 187, 115 P.2d 139; Barney U. Brown & Sons, Inc. v. Savage, 208 Okl. 668, 258 P.2d 183; Hughes v. State Industrial Commission, Okl., 273 P.2d 450; and Traders & General Insurance Co. v. Abel, Okl., 344 P.2d 585. In Hughes v. State Industrial Commission, supra, it was held a contract issued to an individual covered a corporation.

Petitioner cites Bituminous Casualty Corp. v. State Industrial Commission, 187 Okl. 252, 102 P.2d 607, where the employer claimed insurer entered into a contract ten days before the contract was filed with the State Industrial Commission. Respondent states this case was overruled by Tri-State Casualty v. Bowen, supra. We think this contention overlooks the fact that it was distinguished in Tri-State Casualty Co. v. Bowen, supra. See, also, Preferred Accident Ins. Co. of N. Y. v. Van Dusen, 202 Okl. 124, 210 P.2d 341, in which Bituminous Casualty Corp. v. State Industrial Commission, supra, is also distinguished.

Petitioner cites Spaulding & Osborne v. Pacific Employers Ins. Co., 192 Okl. 154, 134 P.2d 581, 582. Therein it is stated:

"This court will not, on petition to review an order of the State Industrial Commission, consider or decide a controversy between an employer and an insurance company, or between two insurance companies in which an injured claimant is not interested."

Iowa Home Mutual Casualty Co. v. Mussett, Okl., 342 P.2d 553, and Butter Nut Baking Co. v. State Insurance Fund, Okl., 294 P.2d 842, relied on by petitioner, were actions in damages for failure to comply with agreements to defend. They are not in point.

We are of the opinion and hold this case is controlled by Tri-State Casualty Co. v. Bowen, supra; Akin v. Shelton, supra, and related cases and the State Industrial Commission was authorized to find that the petitioner was the insurer of the employer at the time of the accidental injury resulting in death.

Award sustained.