TRADERS & GENERAL INSURANCE COMPANY, Petitioner,

v.

Odessa M. HARRIS, State Industrial Court of Oklahoma, and L. M. Jack Frank & Son, Inc., In the Matter of the Death of Elijah Joseph Harris, Respondents.

No. 40998.

Supreme Court of Oklahoma.

Feb. 2, 1965.

George E. Fisher, Oklahoma City, for petitioner.

William H. Henderson, Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

WILLIAMS, Justice.

The sole question to be determined is whether on March 24, 1963, L. M. Jack Frank & Son, Inc., was covered by a workmen's compensation policy with the Traders & General Insurance Company.

On that date, Elijah Joseph Harris, an employee of L. M. Jack Frank & Son, Inc., fell to his death when a painting scaffold collapsed.

Odessa Mary Harris, widow of the deceased employee, filed a claim before the State Industrial Court on behalf of herself and her six minor children under the death benefit provisions of the Workmen's Compensation Act. The claim was filed against Acme Grain Elevators, Inc., and its insurance carrier, American Surety Company, and L. M. Jack Frank & Son, Inc., and its insurance carrier, Traders & General Insurance Company.

A trial judge of the Industrial Court entered an order finding that Elijah Joseph Harris' death arose out of and in the course of his hazardous employment with L. M. Jack Frank & Son, Inc., on March 24, 1963, and that on that date L. M. Jack Frank & Son, Inc., was "covered by a policy of workmen's compensation insurance with Traders & General Insurance Company." The judge ordered an award of $13,500.00 paid to the claimant and her minor children by "L. M. Jack Frank & Son, Inc., and/or insurance carrier, Traders & General Insurance Company * * *." The order was affirmed on appeal to the court en banc.

A petition for review of that order was filed before this Court by L. M. Jack Frank & Son, Inc., and Traders & General Insurance Company, as petitioners, against Odessa Mary Harris and State Industrial Court, as respondents.

Shortly thereafter L. M. Jack Frank & Son, Inc., filed a motion to dismiss this proceeding as to it on the ground that: (1) it was improperly joined as a party petitioner because it had not given its authority or consent to the action and (2) that the trial judge's order determining that the policy of insurance was effective on the date of the deceased employee's death became fixed by insurer's failure to give notice to it (the employer) of the insurer's appeal to the Industrial Court en banc.

The motion was denied but the caption was ordered amended by making L. M. Jack Frank & Son, Inc., co-party respondent instead of co-petitioners. Therefore, Traders & General Insurance Company will be referred to as petitioner and L. M. Jack Frank & Son, Inc., will be referred to as employer.

Petitioner advances one proposition for reversal of the trial tribunal's order:

"That the evidence on behalf of Traders & General Insurance Company clearly shows that the policy of insurance issued to L. M. Jack Frank & Son, Inc., had been cancelled at the insured's request on March 5, 1963, was not in existence on March 24, 1963, the date of the deceased's death, and

that Traders & General Insurance Company is not liable for the death of Elijah Joseph Harris, deceased, under the Workmen's Compensation Act."

■ Under the provisions of § 2, Chap. 29, S.L.1933, 85 O.S.1961, § 41 the State Industrial Court is vested with jurisdiction and authority to determine the liability of an insurance carrier to an injured employee of the insured, and as an incident to the authority expressly granted, may determine from the evidence presented, whether there was a relationship of employer and insurance carrier in effect upon the date of the injury. The findings of the court in that respect will not be disturbed by this Court when supported by competent evidence. Oklahoma Steel Corporation v. Chafin, Okl., 349 P.2d 12. See also, Traders & General Insurance Co. v. Abel, Okl., 344 P.2d 585; Hughes v. State Industrial Commission, Okl., 273 P.2d 450; Barney U. Brown & Sons, Inc, et al. v. Savage et al., 208 Okl. 668, 258 P.2d 183; Young et al. v. Postal Mutual Indemnity Co. et al., 189 Okl. 187, 115 P.2d 139; Tri-State Casualty Ins. Co. v. Bowen et al., 189 Okl. 97, 113 P.2d 981.

The record discloses, without dispute, that petitioner issued to employer a policy of workmen's compensation insurance bearing Number WC-104681 covering the period from April 4, 1962, to April 4, 1963, and that it was an automatic renewal policy that had been in force for a number of years prior to the above stated period. It is further undisputed that petitioner on March 7, 1963, sent a cancellation notice of the policy to the State Board of Insurance effective March 5, 1963, for nonpayment of the premium and that the State Board of Insurance sent the notice to the State Industrial Court where it was received on March 15, 1963.

L. M. Jack Frank testified on behalf of employer. His testimony was that he was the president of employer and that on March 24, 1963, it had a workmen's compensation insurance policy with Traders & General Insurance Company; that the number of the policy was WC-104681; that it was to cover the period from April 4, 1962, to April 4, 1963; that he had never received a notice of the cancellation of the policy; that Herman C. Schneider Company was the insurance agent for petitioner and that petitioner, with the same agent, had "carried" employer's compensation insurance, along with other insurance, for approximately five years; that it had on deposit with the agent some four hundred dollars but that on March 5, 1963, the agent informed him that employer owed "one hundred and eighty-one dollars and some cents" on the compensation policy; that employer paid to the agent on March 18, 1963, two hundred dollars and "the difference to apply on the account." Witness further testified that he never at any time requested the policy to be cancelled and that he had never received the policy itself or an acceptance card to be sent by employer to the Industrial Court; that on March 18, 1963, when he paid the agent the two hundred dollars that he advised the agent that employer had a contract to paint the elevators for Acme Grain Elevators, Inc., and that the agent advised him "not to worry about it," that employer was covered with insurance.

Earl E. Williams testified on behalf of employer. He stated he was a public accountant and that he had taken care of employer's books for eight years; that on March 17th or 18th, 1963, he talked to Mr. Schneider, the agent for petitioner, about the compensation policy in question and that Mr. Schneider admitted he had retained the compensation policy in his file, and never sent it to him or to employer and that the agent stated that he had "returned them for cancellation;" that he told employer on that date that the agent told him that the policy had been sent in for cancellation; that "to the best of my memory" employer had put up two hundred and eighty dollars deposit with the agent for the compensation policy.

Josephine Buckley was called as a witness for petitioner. She stated she was

statistician for the State Industrial Court and that there was no coverage card for L. M. Jack Frank & Son, Inc., for the year 1962, listed with the Industrial Court; that the Industrial Court received a cancellation notice from petitioner on March 15, 1963, and that the notice showed the policy to be effective April 4, 1962.

H. Carl Schneider testified on behalf of petitioner. He testified that he and his father, Herman C. Schneider, were partners in the general insurance business; that for the past eight years he had written insurance for employer, workmen's compensation insurance as well as other types; that on April 4, 1962, he caused to be issued to employer "a workmen's comp and general liability policy"; that "it was an automatic renewal that had been in force for a number of years"; that on March 5, 1963, L. M. Jack Frank came into witness' office, that he had his insurance policy with him and that he requested witness to cancel it; that witness sent the policy in to petitioner for cancellation; that at that time employer owed witness over six hundred dollars on insurance policies; that witness did not have the policies in his possession but had sent them to employer and that an acceptance card was also sent to employer with the compensation policy; that witness' secretary, Florence Gifford, was present when L. M. Jack Frank came in and requested the policy be cancelled; that on March 18, 1963, L. M. Jack Frank came into witness' office and asked that the policy be reinstated; that he told Mr. Frank that he "doubted" that petitioner would reinstate the policy; that on that day Mr. Frank paid him two hundred dollars which was applied to the employer's account; that he received a telegram from petitioner that it would not reinstate the policy and at that time he attempted to contact Mr. Frank to so advise him but was unable to reach him until the day the deceased was killed. Witness testified on cross-examination that after a final audit was made of the policy payroll items that employer had coming to it, as a refund, the sum of two hundred

and sixty-five dollars and six cents and that the amount was credited to employer's general account. Witness testified further that there was nothing in his record to show that employer ever received notice concerning the cancellation.

Flo Gifford testified for petitioner. She testified she was an employee of Herman C. Schneider Company and that on March 5, 1963, Mr. Frank brought the workmen's compensation policy into the office of her employer and requested that it be cancelled; that she sent the policy to petitioner for cancellation.

The testimony is hopelessly in conflict.

■ It is a well stated rule of law that this Court will not review conflicting evidence on nonjurisdictional questions before the State Industrial Court to determine the weight and value thereof. Anderson v. Bills Bakeries, Inc., Okl., 393 P.2d 524; Socony Mobil Oil Co., Inc. v. Cox, Okl., 372 P.2d 8. Also, the Industrial Court and not the Supreme Court, is the sole and ultimate arbiter of the credibility of witnesses, be they lay or expert, and the weight to be accorded their testimony. Wade Lahar Construction Company v. Howell, Okl., 376 P.2d 221.

The primary proposition presented to the Industrial Court was whether or not the relationship of employer and insurance carrier was in existence on March 24, 1963, between L. M. Jack Frank & Son, Inc., and Traders & General Insurance Company. It was necessary for that court to determine that question in order for it to discharge its statutory duty in determining the liability of such insurance carrier to the injured workman. The fact that contractual rights between the employer and insurance carrier are incidentally involved does not deprive that court of its jurisdiction to determine a fact which is essential to the discharge of a function enjoined upon it by statute. Oklahoma Steel Corporation v. Chafin, supra; Tri-State Casualty Ins. Co. v. Bowen, supra.

■ The lower court found that on the date of the death of deceased employee the relationship of employer and insurance carrier existed. We hold there is sufficient competent evidence to support that finding.

Petitioner argues that the policy was cancelled on March 5, 1963, when employer requested that the policy be cancelled and "that an unequivocal request by the insured for cancellation is sufficient to terminate the contract with respect to the subsequent rights and liabilities of the parties thereto."

Let us assume, for the sake of petitioner's argument, that the question of whether employer on March 5, 1963, requested that the policy be cancelled was not disputed.

85 O.S.1961, § 64(e) provides:

"No contract of insurance issued by a stock company or mutual association or other concern against the liability arising under this Act shall be cancelled within the time limited in such contract for its expiration until at least ten days after notice of intention to cancel such contract, on a date specified in such notice shall be filed in the office of the Commission and also served on the employer. Such notice shall be served on the employer by delivering it to him or by sending it by mail, by registered letter, addressed to the employer at his or its last known place of residence; * * *."

Petitioner states that "the voluntary surrender of a policy obviates the necessity for notice to the insured under our statute."

The identical question was raised by the insurance carrier in the case of Preferred Accident Ins. Co. of New York v. Van Dusen et al., 202 Okl. 124, 210 P.2d 341. There the claimant was injured on February 12, 1946. The employer had requested, prior to the expiration date, that the carrier cancel the policy as of December 31, 1945, and on the day the request was made the policy was surrendered. Thereafter on January 19, 1946, a notice was sent to the Industrial Commission, which was received by it on January 21, 1946, advising that the policy was returned to employer for cancellation as of December 31, 1945; and that carrier was cancelling its records January 29, 1946. It was admitted that no notice advising the employer of the cancellation, or the effective date thereof, was served upon the employer either in person or by mail. Carrier urged "that as a matter of law notice of cancellation to the employer was unnecessary where the employer had requested or consented to the cancellation of the policy."

■ We held that the method of cancellation provided by the statute is mandatory and must be strictly complied with in all respects in order to relieve an insurance carrier from liability under a workmen's compensation policy issued by it. We held that giving notice to the employer was also mandatory for the reason that by such notice the employer is definitely advised of the date on which his policy will cease to be in force and in sufficient time to enable him to protect himself and his workmen by procuring insurance. See, also, Tri-State Casualty Co. v. Speer, 189 Okl. 191, 115 P.2d 130, 131; Farmers Gin Co. of Manitou v. Jones, 146 Okl. 79, 293 P. 527.

In the instant case even if employer had requested cancellation of the policy he had no notice of the effective date of the cancellation so that he could have procured another insurance policy to protect himself and his workmen.

Petitioner also asserts that since there was no coverage card filed with the Industrial Court the court's records did not reflect that a policy of insurance existed between employer and carrier and therefore "a notice of cancellation of coverage on the policy that was non-existent would have been a vain thing * * *."

■ In the cases of Young v. Postal Mutual Indemnity Company, supra, and Akin v. Shelton, 175 Okl. 536, 53 P.2d 661, we held that while it was the duty

of the employer to file with the Industrial Court evidence of coverage, since the provisions of the statutes requiring that this be done were only directory, the jurisdiction of the Industrial Court was not defeated by reason of failure to comply.

In its answer brief, employer attempts to reargue its motion to dismiss and relies in essence upon the same grounds previously urged. The motion has heretofore been denied and we adhere to our previous ruling. A. A. Murphy, Inc. v. Banfield, Okl., 363 P.2d 942.

Finding the record free from errors of law and the order amply supported by the evidence, the award is sustained.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, JOHNSON, BLACK-BIRD and IRWIN, JJ., concur.