### R. S. SMITH CONSTRUCTION CO. v. NEWCOMB et al.

No. 27491.   Sept. 28, 1937.

Smith & Harbison, for petitioner.

O. W. Been, Ed S. Butterfield, and Mae Q. Williamson, Atty. Gen., for respondents.

RILEY, J. This is an original action to review an award of the Industrial Commis-

sion entered on the 27th day of August, 1936. The parties will be referred to as petitioner and respondent.

Respondent was injured on the 27th day of March, 1936, when the scaffolding on the second story of the building on which he was working collapsed and he fell 14 feet, injuring his leg and breaking the ankle of his left foot.

It is first urged that the commission erred in determining the average daily wage of the respondent. The average daily wage was determined at $4 per day. We are of the opinion that such finding is sustained by competent evidence under the record in the case.

Both the employer and employee filed reports in which it is stated that $4 was the average daily wage of the respondent. Prior to the hearing this was nowhere denied and was not controverted by petitioner, except to attempt to show how much respondent earned in a lump sum. The commission was justified in its finding on this point. Noble Drilling Co. v. Adams, 174 Okla. 104, 49 P. (2d) 769; Maryland Casualty Co. v. Johnson, 134 Okla. 174, 272 P. 833; Cowan v. Watson, 148 Okla. 14, 296 P. 974.

It is next urged that the State Industrial Commission erred in entering an award in which it absolved the State Insurance Fund. This raises a question wholly between the employer, R. S. Smith Construction Company, and the State Insurance Fund, the alleged insurance carrier.

The claimant, A. E. Newcomb, does not complain of the order exonerating the State Insurance Fund.

Section 13365, O. S. 1931, as amended by section 2, ch. 29, S. L. 1933, gives the State Industrial Commission power to hear and determine liability of the respondent and insurance carrier. But this means liability only to the injured employee. The law does not contemplate that the Industrial Commission shall have power to hear and determine contractual rights between the employer and the insurance carrier.

In Farmers Gin Co. v. Jones, 146 Okla. 79, 293 P. 527, it is held that the State Industrial Commission has no jurisdiction to determine whether a policy had been canceled under certain provisions of the policy itself, and wholly apart from the provisions of the statute providing a method for cancellation by giving notice as therein provided.

In United States Casualty Co. v. Ledford, 180 Okla. 416, 70 P. (2d) 817, decided July 6, 1937, it is held: "The State Industrial Commission has no jurisdiction to construe contract rights between the parties to an insurance policy." See, also, Beck v. Davis, 175 Okla. 623, 54 P. (2d) 371.

Petitioner contends that the policy issued by the State Insurance Fund covered the employment of claimant at the time he was injured. The State Industrial Commission held that it did not. Claimant, Newcomb, does not enter the controversy as to liability of the insurance fund. The commission was without jurisdiction to determine the matter of contractual liability between petitioner and the insurance fund. The contractual rights as between petitioner and the State Insurance Fund is one for a court of competent jurisdiction.

The award is affirmed without prejudice to the rights of petitioner to proceed in the proper court to settle the question of whether petitioner was protected by the policy.

BAYLESS, V. C. J., and PHELPS, GIBSON, and DAVISON, JJ., concur.