## BITUMINOUS CASUALTY CORP. v. STATE INDUSTRIAL COM. et al.

No. 29494.　May 7, 1940.

*102 P. 2d 607.*

Rittenhouse, Webster & Rittenhouse, of Oklahoma City, for petitioner.

Butler & Rinehart, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.　This is an original proceeding in this court brought by Bituminous Casualty Corporation, hereafter referred to as petitioner, to obtain a review of an order made by the State Industrial Commission which held said petitioner liable as an insurance carrier for medical expenses incurred in connection with injuries to an employee some six days prior to the date on which petitioner had assumed liability in the state of Oklahoma.

The record in the case shows that on June 4, 1937, the petitioner became insurance carrier for A. R. Lewis Boiler & Welding Company in the state of Kansas, and on March 21, 1939, filed with the State Industrial Commission of Oklahoma a copy of said policy showing an endorsement thereon wherein it stated that its liability as such carrier extended to the state of Oklahoma from and after the above-named date; that

on the 15th day of March, 1939, an employee of the said A. R. Lewis Boiler & Welding Company had been injured, and that claim for compensation on account of such injury had been duly filed with the State Industrial Commission; that in the proceeding had before the State Industrial Commission to determine extent of disability and liability the State Industrial Commission found that the employee had been actually injured in a compensable employment, but that he had no disability beyond the 5-day waiting period, and was not entitled to any award, and therefore denied his claim to compensation, and at the same time the commission heard evidence to determine a controversy between the petitioner and the employer regarding the true date on which petitioner became insurance carrier for said employer's operations within the state of Oklahoma, and found as the result of such investigation, and upon construction of the language of the contract, that petitioner had as a matter of law become the carrier for said employer in the state of Oklahoma ten days prior to the date named in the endorsement on the policy and filed with the commission. The claimant and the employer are apparently satisfied with the order made, since they have neither sought to have the same reviewed nor made any appearance in this proceeding. The controversy here is between the petitioner and Big West Drilling Company and Consolidated Underwriters, it being conceded by the latter that if the former is not liable, then they are.

The sole issue presented for our determination is whether the State Industrial Commission had jurisdiction to go behind the record which showed that the petitioner assumed liability only from and after March 21, 1939, and to try the issue of date of liability as between the petitioner and the employer. As pointed out above, in order to do this it became necessary for the State Industrial Commission to conduct a collateral hearing and to try an issue foreign to the matter which it had under consideration.

That the State Industrial Commission was not authorized to determine this issue is too well settled to require any extensive discussion. R. S. Smith Construction Co. v. Newcomb, 181 Okla. 5, 71 P. 2d 1091; United States Casualty Co. v. Ledford, 180 Okla. 416, 70 P. 2d 817.

The order insofar as it attempts to hold the petitioner liable is erroneous as a matter of law and is vacated in this respect; in all other respects the order is sustained.

Order vacated in part and sustained in part.

WELCH, V. C. J., and RILEY, HURST, DAVISON, and DANNER, JJ., concur.