SPAULDING & OSBORNE v. PACIFIC EMPLOYERS INS. CO. et al.

No. 31156. March 2, 1943.

*134 P. 2d 581.*

Pierce & Rucker, of Oklahoma City, for petitioner.

Tom Aggas, of Oklahoma City, for respondent Pacific Employers Insurance Company.

Mac Q. Williamson, Atty. Gen., and P. C. Lackey, Asst. Atty. Gen., for Industrial Commission.

S. J. Clay, of Oklahoma City, for claimant.

DAVISON, J. This is an original proceeding instituted in this sort for the purpose of obtaining a review of an order of the State Industrial Commission. The respondent Edward Hutchings was an employee of Spaulding & Osborne, petitioners herein. On April 14, 1942, he received an accidental personal injury arising out of his employment. It is undisputed in this proceeding that the injury was compensable under the Workmen's Compensation Act.

A claim was filed before the State Industrial Commission by the injured claimant. The respondents before the commission were Spaulding & Osborne, employers, and Pacific Employers Insurance Company and Maryland Casualty Company, who were joined as asserted insurance carriers.

A dispute developed before the commission concerning the liability of the insurance companies. The questions presented were: Were both or only one liable to the claimant as insurance carriers? If only one, then which one?

A hearing was held on September 10, 1942, before B. E. Harkey, as trial commissioner. The next day the commissioner made his order awarding compensation for temporary total disability accrued and accruing.

The commissioner also determined that the Maryland Casualty Company was the insurance carrier for the employers and liable to the claimant, and that Pacific Employers Insurance Company was not an insurance carrier for the employers and therefore not liable to the claimant.

The petitioners herein and the Maryland Casualty Company separately appealed from the order of the trial commissioner to the State Industrial Commission en banc. The claimant also filed a cross-appeal. The matter was heard before the commission sitting en banc on September 23, 1942, and the order of the trial commissioner was approved and adopted.

The employers have petitioned this court, seeking to review and vacate that portion of the commission's order determining that the Pacific Mutual Insurance Company was not an insurance carrier, and therefore not liable for the payment of the award or any portion thereof. The claimant has not filed any petition to review that portion of the commission's order relieving the Pacific Employers Insurance Company.

In the initial stages of the procedure the claimant manifested an interest in this phase of the controversy, but his interest has been abandoned by his failure to appeal and renounced by a motion to dismiss herein filed.

Thus the dispute in this court constitutes a controversy between an employer and an insurance company relating to whether the latter is liable as insurance carrier for an accidental injury to an employee to whom another insurance carrier, satisfactory to the claimant, has been held liable.

The latter company has not petitioned for review. It is suggested that we assume from allegedly suspicious circumstances that the employer as petitioner herein is in reality acting as a front for that company. Such an assumption on our part, if proper, is wholly unnecessary for a proper disposal of this case.

We have concluded that inasmuch as the controversy over the liability of the Pacific Employers Insurance Company now constitutes a dispute between employer and alleged insurance carrier or between different insurance carriers in which this claimant is not interested, it is an improper subject for determination by this court on review of an order of the State Industrial Commission.

It is true that at an earlier stage of the administrative proceeding the particular questions had another aspect, namely, that of responsibility to the claimant, but that aspect of the case has disappeared. Shorn of it, the dispute has become an empty shell to which the jurisdiction of the commission could not adhere and no duty on the part of this court to decide could attach.

If this case were presented by an insurance company seeking to avoid by denial liability determined by the commission to exist against it in favor of the claimant, or if it were presented by a claimant seeking to impose liability on an alleged insurance carrier, an entirely different aspect of this type of question would be presented. In this added aspect of similar questions will be found the controlling distinction

between this case and cited cases relied upon by the petitioners.

The State Industrial Commission was created to give speedy relief to injured workmen entitled to compensatory benefits under the Workmen's Compensation Act. As was tersely stated by this court in Tri-State Casualty Co. v. Speer, 189 Okla. 191, 115 P. 2d 130:

"The State Industrial Commission is an administrative tribunal with limited jurisdiction, its primary purpose being to speedily adjust settlements between injured workmen engaged in hazardous employment and their employers. . . ."

The accomplishment of that function would be greatly hampered if by judicial precedent we permitted it to gradually metamorphise under slender pretext into a tribunal where insurance carriers and employers settled their respective contractual rights in conjunction with disputes in which claimants' interests were no longer involved. As illustrated by this case, such disputes would delay compensation.

Both parties to this controversy cite Tri-State Casualty Co. v. Speer, supra, in support of some phase of their argument to this court. Insofar as the question which constitutes the governing consideration in the case at bar is touched upon, the distinction is readily apparent. There an insurance carrier (one or two) which had been held liable to the injured workman was appealing from order of the commission fixing its liability. The company was seeking a review and the principal aspect of the controversy as presented to this court was the liability of the company to the claimant.

With respect to any dispute which might arise or exist between the insurance carrier and an employer, we said at one point:

"* * * We are not here concerned with the question as to the rights of the insurance companies as between themselves, or as between them and either of them and the employer, and express no opinion thereon."

The case at bar now constitutes such a controversy. If the dispute were a controversy between the insurance carrier and the claimant, other portions of Tri-State Casualty Co. v. Speer, supra, might, as petitioners suggest, serve as a guide to the proper standards by which such disputes are determined.

Our attention is also called to Tri-State Casualty Ins. Co. v. Bowen, 189 Okla. 97, 113 P. 2d 981. In that case we had before us a dispute in which an insurance carrier, which had been held liable, was seeking to avoid its determined liability to an injured workman. We held the matter within the jurisdiction of the commission and within the proper scope of our consideration on review.

Referring with approval to our former holding in the case of Farmers Gin Co. of Manitou v. Jones, 146 Okla. 79, 293 P. 527, we said in Tri-State Casualty Ins. Co. v. Bowen, supra:

"* * * When properly analyzed the holding of the court in this decision was that the commission had jurisdiction over an insurance carrier for the purpose of determining its liability to a claimant arising by virtue of statutory provisions but that it was without jurisdiction to determine a controversy which was solely and exclusively between the employer and the insurance carrier arising solely through contract and which, in no way, affected the statutory liability of the carrier to the claimant."

In R. S. Smith Construction Co. v. Newcomb, 181 Okla. 5, 71 P. 2d 1091, we said:

"Section 13365, O. S. 1931, as amended by section 2, ch. 29, Sess. Laws 1933 (85 Okla. St. Ann. § 41), gives the State Industrial Commission power to hear and determine liability of the respondent and insurance carrier. But this means liability only to the injured employee. The law does not contemplate that the Industrial Commission shall have power to hear and determine contractual rights between the employer and insurance carrier."

Our attention is also called to Bituminous Casualty Corp. v. State Indus-

trial Commission, 187 Okla. 252, 102 P. 2d 607.

Upon consideration of the foregoing cases and other cases reviewed and analyzed in the case of Tri-State Casualty Co. v. Bowen, supra, we are of the opinion, and hold, that the question herein presented for review involves only a dispute between an employer and an insurance carrier. Shorn of other aspects it is not a proper subject for consideration in this type of proceeding.

As suggested in Tri-State Casualty Co. v. Bowen, supra, upon consideration of Union Indemnity Co. v. Saling, 166 Okla. 133, 26 P. 2d 217, the determination of the liability of insurance carriers and employers is a proper incident to a determination of claimant's right to compensation, but of course when the claimant steps out of the picture the incidental authority which exists for his protection fails for want of an independent footing before the administrative board and before this court on review.

Any dispute that may exist between the employer and the insurance carrier or the two insurance carriers as to their contractual rights or as to contribution or exoneration may be adjudicated in a court of competent original jurisdiction.

The petition for review is denied.

CORN, C. J., GIBSON, V. C. J., and RILEY, HURST, and ARNOLD, JJ., concur. WELCH and BAYLESS, JJ., dissent. OSBORN, J., absent.

---

WELCH, J. (dissenting). I think the rule adopted and applied here goes too far in restricting the jurisdiction of the Industrial Commission and of this court. I see no reason why the Industrial Commission, in the first instance, and this court, on review, does not have jurisdiction to determine all rights of the employer, as well as his liabilities, in reference directly to the award sought by employee and made by the commission. Here the Industrial Commission did determine all such rights, but the majority opinion denies a review, upon conclusion of lack of jurisdiction, which I cannot follow. There is some suggestion that great delay would result from consideration and decision of such claimed rights of employer. The consideration thereof did not cause great delay in the Industrial Commission, and very little more time, if any at all, would have been required here to add to the majority opinion a determination of the employer's rights involved.

I am authorized to say that Mr. Justice BAYLESS concurs in the view here expressed.