**BUTTER NUT BAKING COMPANY, a corporation, Plaintiff in Error,**

v.

**The STATE INSURANCE FUND, Defendant in Error.**

No. 36990.

Supreme Court of Oklahoma.

March 13, 1956.

Frantz C. Conrad, Oklahoma City, for plaintiff in error.

Mont R. Powell, Sam Hill, Oklahoma City, for defendant in error.

HALLEY, Justice.

In this case it appears that on June 21, 1953, A. M. Hughes while in the employ of Butter Nut Baking Company, a corporation, sustained an accidental injury resulting in his death leaving surviving him his widow, Violet O. Hughes, as his sole and only dependent. The Butter Nut Baking Company had for its insurance carrier the State Insurance Fund. The policy of insurance issued by the Fund contains the following provisions:

"Does hereby agree with this Employer, * * * Three. To defend, in the name and on behalf of this Employer, any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceedings al-

leging such injuries and demanding damages or compensation therefor, although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent."

After the death of the said A. M. Hughes, his sons Andy Mike Hughes and Dick Hughes were appointed co-administrators of his estate and thereafter filed a claim for compensation for and on behalf of Violet O. Hughes, surviving widow of deceased, against A. M. Hughes doing business as an individual in the name of Butter Nut Baking Company.

It however appears from the record that at the time A. M. Hughes sustained his injury resulting in his death and at the time the insurance policy above mentioned was issued the Butter Nut Baking Company was incorporated and was doing business as a corporation and A. M. Hughes was at the time an employee of the corporation.

The Commission entered an award against the Butter Nut Baking Company but dismissed the claim against the Insurance Fund on the theory that its policy did not cover the employees of the Butter Nut Baking Company, a corporation, but only covered the employees of A. M. Hughes, an individual doing business in the name of Butter Nut Baking Company.

This Court on petition for review vacated the award insofar as it dismissed the claim against the Insurance Fund and directed the Commission to amend its order by entering a joint award against the State Insurance Fund and the Butter Nut Baking Company, a corporation. Hughes v. State Industrial Commission, Okl., 273 P.2d 450.

It is the contention of Butter Nut Baking Company hereinafter referred to as plaintiff, that the State Insurance Fund failed and neglected to defend the claim filed against it before the State Industrial Commission and that in order to defend its rights it was compelled to and did appeal the case to the Supreme Court of the State at its own expense wherein it was successful in obtaining a reversal and vacation of the award in dismissing State Insurance Fund and on the 12th day of March, 1955, filed an action in the district court of Oklahoma County to recover damages against the Fund by reason of the breach of the provisions of said policy. Plaintiff after pleading the above facts in its petition further alleges:

"That the defendant here, the State Insurance Fund, was derelict in their obligations to this plaintiff under the terms of their written contract as set forth in 'Exhibit A' causing said plaintiff to suffer damage by reason of their dereliction of duty, their negligence and their deceit in the following particulars, to-wit:

"a. That the State Insurance Fund fully failed, neglected and refused in good faith to defend the action filed in the State Industrial Commission as heretofore mentioned. That their attorneys willfully and purposely neglected to defend the Butter Nut Baking Company in the trial of the action and concerned themselves with protecting the interests of The State Insurance Fund with the object of circumventing the contractual liability of the insurer, The State Insurance Fund, to the detriment and abrogation of the rights and interests of this plaintiff, the Butter Nut Baking Company.

\* \* \* \* \* \*

"e. That the aforementioned, willfully negligent, deceitful and fraudulent actions of said defendant in circumventing and abrogating their contractual liabilities under the terms of the subsisting legal and valid insurance contract caused the plaintiff at its own cost to protect itself by employing an attorney to appeal said judgment rendered in the State Industrial Commission to the Supreme Court for adjudication at a reasonable fee of four thousand dollars ($4,000.00) which said amount was by the Butter Nut Baking Company paid."

Plaintiff prays judgment against defendant, State Insurance Fund, for damages in the sum of $4,000 with interest and cost of suit.

Defendant in answer to plaintiff's petition filed a special appearance and plea to the jurisdiction of the court over the subject matter of the action and for grounds there-

of alleges that the State Industrial Commission had sole jurisdiction to hear the issues involved and prayed that plaintiff's case be dismissed.

The trial court sustained defendant's plea to the jurisdiction and entered judgment in favor of defendant dismissing plaintiff's action.

Plaintiff appeals and assigns this ruling as error.

■ We cannot agree with defendant's contention that the district court had no jurisdiction over the subject matter of plaintiff's action. The action is one to recover damages against defendant because of its alleged failure to defend the claim for compensation filed before the State Industrial Commission on behalf of the surviving widow of deceased as it agreed to do under the terms of the policy issued by it. We think it quite clear that it was within the jurisdiction of the district court of Oklahoma County to determine and settle such issue and that the defendant is in error in contending the sole and exclusive jurisdiction was in the State Industrial Commission to determine such issue. Longwell Lumber & Building Co., Inc., v. Maryland Casualty Co., 144 Misc. 595, 259 N.Y.S. 7.

In Spaulding & Osborne v. Pacific Employers Ins. Co., 192 Okl. 154, 134 P.2d 581, 582, we held:

"This court will not, on petition to review an order of the State Industrial Commission, consider or decide a controversy between an employer and an insurance company, or between two insurance companies in which an injured claimant is not interested."

See, also, Barney U. Brown & Sons, Inc., v. Savage, 208 Okl. 668, 258 P.2d 183; Bituminous Casualty Corp. v. State Industrial Commission, 187 Okl. 252, 102 P.2d 607; Farmers' Gin Co. of Manitou v. Jones, 146 Okl. 79, 293 P. 527.

■ Defendant in order to sustain its contention that the State Industrial Commission had sole jurisdiction to settle the issues here involved refers to 85 O.S.1951 § 30. This section as far as here material provides:

"* * * Claims for legal services in connection with any claim arising under this act, and claims for services or treatment rendered or supplies furnished pursuant to section 4, of article 2 of this act, shall not be enforceable unless approved by the Commission. If so approved such claim or claims shall become a lien upon the compensation awarded, but shall be paid therefrom only in the manner fixed by the Commission."

■ We think this section when properly construed confers jurisdiction upon the State Industrial Commission to fix and allow claims for attorney fees for attorneys representing claimant only and cannot be construed to authorize it to fix and allow fees for services of attorneys representing the employer and/or his insurance carrier; nor does it purport to confer jurisdiction upon the State Industrial Commission to determine a controversy between an employer and his insurance carrier arising out of a contract entered into between the parties in which compensation claimant is in nowise interested. It will be noted that the last sentence of the above section provides that claims for attorney fees upon approval shall become a lien upon the compensation awarded but shall be paid therefrom only in the manner fixed by the Commission. We think the language of the Statute clearly indicates that it was not intended thereby to confer upon the State Industrial Commission jurisdiction to allow and award attorney fees to attorneys representing the employer and/or his insurance carrier. In R. S. Smith Construction Co. v. Newcomb, 181 Okl. 5, 71 P.2d 1091, 1092, we said:

"Section 13365, O.S.1931, as amended by section 2, ch. 29, Sess.Laws 1933 (85 Okl.St.Ann. § 41), gives the State Industrial Commission power to hear and determine liability of the respondent and insurance carrier. But this means liability only to the injured employee. The law does not contemplate that the Industrial Commission shall have power to hear and determine contractual rights between the employer and the insurance carrier."

Defendant in support of its contention also cites Conrad v. State Industrial Commission, 181 Okl. 324, 73 P.2d 858; Corbin v. Wilkinson, 175 Okl. 247, 52 P.2d 45; Willis v. Capitol Well Servicing Co., Okl., 285 P.2d 388. We have examined these authorities and find they all refer to attorney fees for services rendered by the attorney for claimant and do not sustain the contention made.

We conclude that the trial court erred in holding that it had no jurisdiction over the subject matter of the action, that it erred in sustaining defendant's plea to the jurisdiction and in entering judgment in favor of defendant and dismissing plaintiff's action.

Reversed with directions to the trial court to set aside the judgment dismissing plaintiff's cause of action and to overrule defendant's plea to the jurisdiction and to proceed further in accordance with the views herein expressed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, BLACKBIRD and JACKSON, JJ., concur.