**John David BAGLEY, Petitioner,**

v.

**BIG "E" INDUSTRIES and the Workers' Compensation Court, Respondent.**

**No. 71346.**

Court of Appeals of Oklahoma, Division No. 3.

June 20, 1989.

Charles E. Payne, Oklahoma City, for petitioner.

## MEMORANDUM OPINION

BAILEY, Chief Judge:

Upon consideration of the briefs, exhibits and record in the above styled matter, the Court FINDS that:

1. Petitioner seeks review of the Trial Court's order commuting twenty-five percent (25%) of award to lump sum, and directing payment of commuted sum to Petitioner's ex-wife in satisfaction of child support arrearage. In 1979, Petitioner and his then-wife were divorced in Texas, and Petitioner directed to pay $200/month child support. Petitioner made no child support payments at any time, and as of January, 1987, was about $18,000 in arrears.

2. In May, 1986, Petitioner suffered injuries on-the-job, and in December, filed his Form 3 claiming compensable injuries. In March, 1987, the Oklahoma Department of Human Services, by and through the Child Support Enforcement Section of the Bryan County District Attorney's Office, filed a Child Support Lien in the action, claiming a lien against any award for back child support. In August, 1987, the Trial Court awarded Petitioner fifty percent (50%) permanent partial disability (PPD) arising from his injuries.

3. In September, 1987, Petitioner moved to commute his award to payment in lump sum. In February, 1988, DHS filed an amended Child Support Lien, now claiming $20,000 in arrearages against any award. The Trial Court granted the parties permission to file briefs in the matter; DHS filed its brief on May 25, and Petitioner waived briefing. Hearing was held on May 16, 1988, and at hearing, Petitioner moved to dismiss his Motion to Commute. By order dated June 14, 1988, the Trial Court denied Petitioner's Motion to Dismiss, commuted twenty-five percent (25%) of the award ($10,187.50) to payment in lump sum, and directed payment of the lump sum to Petitioner's ex-wife in partial satisfaction of her child support lien.

4. Petitioner now seeks review of the Trial Court's order, asserting (1) abuse of discretion by the Trial Court in denying his motion to dismiss his commutation motion, and (2) the Trial Court lacked authority to commute to lump sum after Petitioner withdrew his request. At this Court's request, Petitioner and Intervenor Department of Human Services, Child Enforcement Section, have provided this Court supplemental briefs on the issue of jurisdiction of the Worker's Compensation to award the commuted sum to Petitioner's ex-wife in partial satisfaction of her child-support lien.

5. "It is well settled that the [Workers' Compensation Court] is a statutory tribunal of limited jurisdiction and has only such jurisdiction as is conferred by law. *Pine v. Davis*, 193 Okl. 517, 145 P.2d 378; *Bryant–Hayward Drilling Company v. Green*, Okl., 362 P.2d 676." *Cities Service Gas Co. v. Witt*, 500 P.2d 288, 291 (Okl.1972). This authority is limited to determining only liability to the injured employee of the employer, and the employer's insurer, if any. *In re Hines*, 509 P.2d 669 (Okl.1973); *Mid–Continent Cas. Co. v. Miller*, 451 P.2d 932 (Okl.1968); *Traders & General Ins. Co. v. Harris*, 398 P.2d 843, 845 (Okl. 1965); *Spaulding & Osborne v. Pacific Employers Ins. Co.*, 192 Okl. 154, 134 P.2d 581, 584 (1943); *Butter Nut Baking Co. v. State Insurance Fund*, 294 P.2d 842 (Okl.

1956); *R.S. Smith Const. Co. v. Newcomb,* 181 Okl. 5, 71 P.2d 1091, 1092 (1937).

■ 6. The power to determine the rights as between Petitioner and his ex-wife regarding the fulfillment of Petitioner's child support obligations arising under the foreign divorce and satisfaction of the lien therefor, in our opinion, is vested solely in the District Court. See, *Meadows v. Meadows,* 619 P.2d 598 (Okl.1980) (Worker's Compensation award not exempt under 85 O.S. 48 for fulfillment of alimony or support obligation); accord, *Commons v. Bragg,* 183 Okl. 122, 80 P.2d 287 (1938). See also, *Hudson v. Hudson,* 569 P.2d 521 (Okl.App.1976) (methods for recognition of sister-state divorce decree under Uniform Enforcement of Foreign Judgments Act, 12 O.S. § 719 et seq., Uniform Reciprocal Enforcement of Support Act, 12 O.S. § 1600.1 et seq., and common law.) We are not unmindful of the added burden this holding places on the Child Support Enforcement Section to more closely monitor an obligee's Worker's Compensation case in order to locate funds from which support obligations may be recovered. But neither do we forebear appropriate action in the District Court, the court in our opinion with sole authority to render such relief, for satisfaction of ex-wife's child support lien, for which under the above authority, Petitioner's Workers' Compensation lump sum award might be properly sought. We thus find the Trial Court, as a court of limited jurisdiction, was without authority to direct payment of the commuted award to Petitioner's ex-wife in partial satisfaction of the child support lien.

■ 7. Additionally, we find the Trial Court erred in denying Petitioner's at-trial motion to dismiss his request for commutation to lump sum. While we have found no Oklahoma authority directly on-point, the general rule is that "a movant may ... withdraw a motion at any time before submission," and that "a motion which is withdrawn in the presence of the Court is no longer pending even in the absence of the entry of an order thereon." 60 C.J.S., *Motions & Orders,* § 41, p. 62–63; accord, 56 Am.Jur.2d, *Motions, Rules & Orders,* § 22,

p. 18. Cf., 12 O.S.1981 § 684 ("Plaintiff may, at any time before trial, on the payment of costs and without any order of the court, dismiss his action after the filing of a petition for intervention...."") The parties agree that the Oklahoma Worker's Compensation Statutes contemplate that only a claimant may request commutation. 85 O.S.1981 § 41 A. Thus, once the Petitioner properly withdrew his motion to commute, the Trial Court had nothing more on which to act, and we find the denial of Petitioner's motion to dismiss his request for commutation was error.

The order of the Trial Court denying Petitioner's motion to dismiss his motion to commute and directing payment of the commuted lump sum to Petitioner's ex-wife is therefore VACATED.

GARRETT, P.J. and REYNOLDS, J. concur.