**Tina Ann LITTLETHUNDER, Petitioner,**

v.

**STATE of Oklahoma, ex rel. OKLA-HOMA STATE DEPARTMENT OF HU-MAN SERVICES, Respondent.**

**No. 79861.**

Court of Appeals of Oklahoma,
Division No. 1.

May 18, 1993.

Robin G. Talley, Kienzle & Talley, Shawnee, for petitioner.

Kaye M. Kirk, Dept. of Human Services, Child Support Enforcement Div., Oklahoma City, for respondent.

## MEMORANDUM OPINION

ADAMS, Presiding Judge:

On June 3, 1992, Tina Littlethunder (Claimant) received an order awarding her permanent partial disability benefits. The Workers' Compensation Court also ordered a portion of the award commuted to a lump sum and paid to the Child Support Enforcement Unit of the Oklahoma Department of Human Services (DHS) to satisfy a child support lien. Claimant filed this proceeding seeking to vacate the order as it related to the child support lien.

Because this Court had questions about the jurisdiction of the Workers' Compensation Court to enter such an order, we ordered the parties to address the applicability of *Bagley v. Big "E" Industries,* 776 P.2d 569 (Okl.App.1989), which considered the identical jurisdictional question. The parties filed supplemental briefs.

Claimant concedes *Bagley* applies, but nevertheless argues we should address other issues which she has raised. DHS simply argues the *Bagley* ruling on this issue was *dicta* and, in any event, is only persuasive authority. We are persuaded by the reasoning in *Bagley.* As did the Court in *Bagley,* we conclude the Workers' Compensation Court, as a court of limited jurisdiction, is without authority to order that a portion of an award be commuted to a lump sum and that a direct payment be made to satisfy a child support lien. The proper forum for reaching these assets, and for determination of what, if any, exemptions apply, is the district court. *Bagley v. Big "E" Industries,* 776 P.2d at 571.

Because the Workers' Compensation Court acted outside the scope of its jurisdiction, the portion of the order commuting part of Claimant's permanent partial disability award to a lump sum and ordering direct payment to DHS is vacated. This jurisdictional determination is dispositive of this appeal, and we need not address other issues raised by Claimant. The remainder

of the Workers' Compensation Court order is not part of this review proceeding and is sustained.

VACATED IN PART AND SUSTAINED IN PART.

GARRETT and JONES, JJ., concur.