**RED ROCK MENTAL HEALTH**
and State Insurance Fund,
Petitioners,

v.

Karen ROBERTS, Kelly Services and
the Workers' Compensation
Court, Respondents.

No. 82416.

Supreme Court of Oklahoma.

Oct. 15, 1996.

As Modified on Grant of Rehearing
May 27, 1997.

Robert Highsaw, Oklahoma City, for Petitioners.

James B. Durant and Kathleen J. Adler, Pierce, Couch, Hendrickson Baysinger & Green, Oklahoma City, for Respondents Kelly Services and CNA Insurance Company.

Matthew J. Graves and John S. Oldfield, Jr., Oldfield & Coker, Oklahoma City, for Respondent Karen Roberts.

OPALA, Justice.

Two issues are tendered on certiorari: [1] Did the three-judge review panel of the Workers' Compensation [WC] Court err in vacating the dismissal of Red Rock as a party respondent? and [2] Did the panel err in crafting *sua sponte* a reimbursement claim for one employer-respondent against another? We answer the first question in the negative and the second in the affirmative.

## I

### THE ANATOMY OF LITIGATION

Karen Roberts [Roberts or claimant] was an employee of Kelly Services [Kelly] assigned to Red Rock Mental Health [Red Rock] as a medical record clerk when, in December 1991, she began to experience pain in her hands (wrists) and arms (elbows). She continued to work for Kelly until March 1992, when she became a full-time worker for Red Rock, in whose employment she remained until July 13, 1992. One month later, Roberts filed a compensation claim (Form 3) (and an amended form in December 1992) for statutory benefits alleged to be due her from Kelly and Red Rock for the cumulative-effect trauma to her hands and arms.

The trial judge's *February 16, 1993* order (a) *found* the claimant's symptoms first occurred in December 1991 and that she was "further exposed" on July 13, 1992; (b) *declared* Kelly, Red Rock and their insurance carriers "jointly and severally liable" for the claimant's medical expenses; (c) established a compensation rate based on Roberts' salary at Red Rock and (d) reserved for future determination the extent of temporary total disability [TTD] compensation and the "apportionment of liability" for permanent partial disability [PPD]. Both Kelly and Red Rock appealed from this decision. The review panel vacated the order and remanded the claim to the trial judge to "establish the date of the accident."

The trial judge's *second (June 18, 1993)* order, which set in motion the proceedings now under review, (a) *dismissed* Red Rock from the proceeding as a party respondent; (b) found Roberts sustained an accidental personal injury from cumulative trauma to her hands and arms (elbows), which began in December 1991 and extended to March 10, 1992 (while the claimant was in Kelly's employ); and (c) *awarded* claimant TTD solely against Kelly. *Only Kelly appealed from the June 18 order to the review panel.* Its appeal notice urged that (a) it should bear no liability for the claimant's post-Kelly "injurious exposure" to the same body parts and (b) the doctrine of "last injurious exposure" is applicable to this case. Kelly's brief to the panel contends that (a) the liability for claimant's loss *should be apportioned* between it and Red Rock and (b) if Kelly is the proper employer to respond in benefits, the compensation rates for TTD and PPD should be based solely on Roberts' salary at Kelly.

The panel's *September 20, 1993* order on appeal (a) *set aside* Red Rock's dismissal as a party respondent, (b) *affirmed* the date of injury established by the trial judge's *June 18 order*, (c) *awarded* TTD *against* Kelly, *based on Kelly's wage rate* and (d) *crafted sua sponte* a reimbursement claim by Kelly against Red Rock.[1] Red Rock then brought

---

1. The pertinent terms of the *September 20* panel order are:

 " * * * THAT respondent, KELLY SERVICES shall pay the temporary total disability benefits awarded at the rate of $133.40 per week and shall pay all reasonable and necessary medical expenses; subject to later determination of underpayment or overpayment of temporary total disability compensation and *subject to respondent, KELLY SERVICES right to receive credit*

the review proceeding presently on certiorari.

The Court of Appeals vacated the panel's order and held that Red Rock was "liable for the injury without right of contribution" because the claimant was last exposed to trauma on July 13, 1992 while employed by Red Rock. The appellate court reasoned that in a cumulative-trauma case the date of injury for imposition of the employer's (and insurance carrier's) liability is the date of the last trauma.[2] We granted certiorari and now vacate the Court of Appeals' opinion, modify in part the panel's order and remand the claim for further proceedings to be consistent with today's pronouncement.

## II

## THE COURT OF APPEALS' DISPOSITION WENT BEYOND THE ISSUES PRESENTED BY RED ROCK FOR REVIEW

*Roberts' claim against Red Rock is not before us for settlement.* The panel's September 20 order, which set aside Red Rock's dismissal from the claim and restored its previous status as a party respondent, *made no adjudication of Red Rock's liability for the claimant's* alleged job-related injury.

■ Neither do we have here for review the correctness of (a) the award of TTD against Kelly, (b) the determination of the date of injury (when claimant was in Kelly's employ), or (c) the adjudication of the compensation rate (based on salary earned at Kelly's). *This is so because these disposi-*

*tions became the settled law of the case*[3] *when Kelly did not appeal from the panel's September 20 order.*[4] The unreviewable portions of the panel's order may not hence be disturbed.

*The Court of Appeals' opinion went beyond the issues presented by Red Rock.* Inasmuch as *no award* or finding of liability has been entered against Red Rock and no proceeding for review was brought by Kelly, the appellate court's declaration of Red Rock's accountability "as a matter of law" and its determination of the "date of injury in a cumulative trauma case" can be viewed as no more than an impermissible enlargement of issues properly within its reviewing cognizance.

Tendered by Red Rock's certiorari petition are *two issues*—whether there was error (1) in the panel's *sua sponte* interposition of a TTD reimbursement claim by Kelly against Red Rock and (2) the panel's reinstatement of Red Rock as a party respondent to the claim. We accordingly confine our corrective relief to the tendered questions.

## III

## THE THREE-JUDGE PANEL'S *SUA SPONTE* INTERPOSITION OF A REIMBURSEMENT CLAIM IS JURISDICTIONALLY INFIRM

■ The review panel's *sua sponte* interposition of the reimbursement claim—an issue not pressed by Kelly's notice of appeal—reached beyond the scope of the panel's review. That scope is limited by our case law

*(reimbursement) from respondent, RED ROCK MENTAL HEALTH, pursuant to subsequent court hearing on this issue.\* \* \*"* (Emphasis added.)

2. For this view, the Court of Appeals relied on *Mid–Continent Cas. Co. v. Bradley*, Okl.App., 855 P.2d 145 (1993).

3. *Morrow Dev. Corp. v. American Bank and Trust*, Okl., 875 P.2d 411, 413 n. 2 (1994).

4. *Kelly prevailed on two issues in its June 28, 1993 attack before the three-judge panel on the TTD liability* in that (1) Red Rock was reinstated as a party and (2) the compensation rates for TTD and PPD were *based solely on claimant's salary at Kelly* (rather than on her Red Rock salary). *Kelly was unsuccessful in its attack on*

other issues. Kelly contended (1) the paragraph in the trial judge's June 18, 1993 order that describes the injury is too vague and indefinite, (2) the claimant's subsequent employment at Red Rock relieved it of "any responsibility" for the injury in question, and (3) there is no competent evidence to support the findings that (a) Roberts sustained an accidental personal injury from cumulative trauma to her hands and arms, which began in December 1991 and extended to March 10, 1992 (while the claimant was in Kelly's employ) and (b) claimant's failure to give notice is excused by respondent's lack of due diligence. These issues, insofar as they were advanced in Kelly's June 28 notice of appeal, were all decided adversely to Kelly's contentions and Kelly did not appeal from the panel's September 20 order.

and by WC court rules to issues presented in the notice of appeal.[5]

## A.

***The WC Court Cannot Adversely Affect Red Rock Anterior to an Adjudication of its Liability for Some Compensable Harm to the Employee; Rights Against Red Rock Depend on its Liability for the Claimed Injury***

 No party-employer may be saddled with any obligation incident to a servant's on-the-job harm until the servant's claim for that injury has been adjudicated.[6] The WC court's notion of crafting a *sua sponte* reimbursement claim against Red Rock must hence be invalidated as *sans legislative authority.* There is simply no statutory basis for *shifting* either TTD (or medical-expense) liability to a successor-employer entity which

as yet *bears no adjudicated obligation* for the harm in suit.[7] Moreover, the panel-crafted claim is *unknown* to the forms of relief available in the WC court. The rules of that court provide *no* form for a reimbursement claim by one employer against another.[8]

## B.

***The Panel-crafted Reimbursement Claim Is Coram Non Judice***[9]

 The WC court is a statutory tribunal of limited jurisdiction which has only such cognizance as is conferred upon it by law.[10] Its jurisdiction is confined to determining liability of the employer (and its insurance carrier) *towards the claimant.*[11] The WC court's range of cognizable claims [12] is restricted to (a) those asserted by a claimant against the employer for compensable on-the-job harm [13] or death [14] and (b) claims by

---

**5.** Rule 31(A), Workers' Compensation Court Rules, 85 O.S.1991, Ch. 4, App., states in pertinent part:

"A .... The Request for Review shall include:

\* \* \*

3. ... The party or parties appealing to the three-judge panel *will be bound by the allegations of error contained in the Request for Review* and will be deemed *to have waived all others;* \* \* \*" (Emphasis added.)

The rule's 1995 amendment (eff. July 1, 1995) did not change the quoted text.

Error not raised before a review panel cannot be considered either in this court or in the Court of Appeals. *Bostick Tank Truck Service v. Nix,* Okl., 764 P.2d 1344, 1349 (1988). A panel's scope of review is likewise confined to the issues pressed by the request for review. *See in this connection O.K. Iron & Metal Company v. Sandoval,* Okl., 434 P.2d 247, 249–250 (1967).

**6.** The WC court jurisdiction over claims by health care providers [Form 19] is ancillary to its primary jurisdiction over a servant's compensation claim against its master. *Thomas v. Okl. Orthopedic & Arthritis Found. Inc.,* Okl., 903 P.2d 279, 287 (1995); *Romero v. Workers' Compensation Court,* Okl., 863 P.2d 1251, 1254 (1993); *Patterson Steel Co. v. Smith,* Okl., 353 P.2d 126, 128 (1960); *Higley v. Schlessman,* Okl., 292 P.2d 411, 415 (1956).

**7.** *AT & T Network Systems v. Broussard,* Okl.App., 885 P.2d 684, 686 (1994).

**8.** For a list of the forms that are prescribed for use in the WC court, see Rule 11, Workers' Compensation Court Rules, 85 O.S.Supp.1995, Ch. 4, App.

**9.** The Latin phrase *"coram non judice"* means "[i]n the presence of a person not a judge. When a suit is brought and determined in a court which has no jurisdiction in the matter, ... it is said to be *coram non judice,* and the judgment is void." BLACK'S LAW DICTIONARY, p. 337 (6th Ed.1990).

**10.** *Bryant–Hayward Drilling Company v. Green,* Okl., 362 P.2d 676, 677 (1961); *Pine v. Davis,* 193 Okl. 517, 145 P.2d 378, 380 (1944). *See also Camps v. Taylor,* Okl., 892 P.2d 633, 638 (1995) (Opala, J., concurring).

**11.** *Butter Nut Baking Co. v. State Ins. Fund,* Okl., 294 P.2d 842, 845 (1956); *Spaulding & Osborne v. Pacific Employers Ins. Co.,* 192 Okl. 154, 134 P.2d 581, 583 (1943); *Bituminous Cas. Corp. v. State Indus. Com'n,* 187 Okl. 252, 102 P.2d 607, 609 (1940); *R.S. Smith Const. Co. v. Newcomb,* 181 Okl. 5, 71 P.2d 1091, 1092 (1937).

**12.** *Cities Service Gas Co. v. Witt,* Okl., 500 P.2d 288, 291 (1972). *See Camps, supra* note 10 at 638 (Opala, J., concurring).

**13.** *Cities Service, supra* note 12 at 291; *Butter Nut, supra* note 11 at 845; *Spaulding, supra* note 11 at 583; *Bituminous, supra* note 11, 102 P.2d at 609; *R.S. Smith, supra* note 11, 71 P.2d at 1092.

**14.** The terms of 85 O.S.1991 § 3.1 describe the specific classes of persons entitled to claim death benefits; § 22(8) of the WC law sets out the schedule of compensation due each beneficiary. *See Tatum v. Tatum,* Okl., 736 P.2d 506, 510 n. 15 (1982).

medical providers to successful claimants.[15] In contrast to this restriction, the "unlimited" district court's range of cognizable claims extends to all actions in law and equity.[16]

■ The jurisdiction of the WC court to make an award upon a claim not arising under the WC law cannot be conferred by agreement, waiver or conduct of the parties.[17] When the proceedings show on their face that the adjudicated liability is beyond the trial tribunal's cognizance, the order is void *pro tanto*, i.e., to the extent that the extra-statutory element came to be settled.[18]

■ The WC court has no jurisdiction to consider a controversy between *(a) two insurance companies in which an injured claimant is not interested,*[19] (b) an employer and its insurer unless a claimant's right is affected,[20] or (c) an employer and an insurance carrier of another employer if the statutory liability to the claimant is not implicat-ed.[21] Since these excluded claims could not be litigated in the WC court when the district court was merely a tribunal of general jurisdiction,[22] it follows *a fortiori* that they may not now be entertained there when the district court has become a constitutional tribunal of *unlimited* jurisdiction.[23]

■ The WC law creates no reimbursement claim by one employer's carrier against that of another for TTD liability.[24] No common-law claim can lie in the WC court.[25] Neither the trial judge nor the review panel of that court is competent to entertain claims unauthorized by statute.

■ Although Red Rock did not raise the jurisdictional question in its brief before the Court of Appeals, jurisdictional inquiries into a trial tribunal's cognizance may be re-examined *sua sponte*, on appellate or certio-

**15.** 85 O.S.1991 § 14; *Romero, supra* note 6 at 1253–1254.

**16.** Since 1969 district courts exercise unlimited original jurisdiction of all justiciable matters, except as otherwise provided by the Constitution. Art. 7, § 7, Okl. Const. (eff. Jan. 13, 1969); *State ex rel. Southwestern Bell Tel. Co. v. Brown*, Okl., 519 P.2d 491, 495 (1974). Pre–1969 district courts, on the other hand, were courts of general jurisdiction. Art. 7, § 7, Okl. Const. (repealed in 1967, eff. Jan. 13, 1969); *Flick v. Crouch*, Okl., 434 P.2d 256, 261 (1967).

**17.** *National Zinc Company, Inc. v. Dewitt*, Okl., 574 P.2d 300, 304 (1978); *Cities Service, supra* note 12 at 291; *Lakeview Amusement Corp. v. Fabors*, Okl., 377 P.2d 594, 596 (1963); *Rosamond Construction Co. v. Rosamond*, Okl., 292 P.2d 392, 395 (1956); *Hardy Sanitarium v. De-Hart*, 164 Okl. 29, 22 P.2d 379, 381 (1933).

**18.** A WC court decision on an issue clearly beyond its cognizance—the rights between two employers (and their insurance carriers)—is *void. Union Indemnity Co. v. Saling*, 166 Okl. 133, 26 P.2d 217, 226, 228 (1933). *See Board of Law Library Trustees v. State*, Okl., 825 P.2d 1285, 1291 (1991); *Spain v. Kernell*, Okl., 672 P.2d 1162, 1164–1165 (1983); *Bryan v. Seiffert*, 185 Okl. 496, 94 P.2d 526, 531–532 (syl.6) (1939).

**19.** *This is the very vice of the reimbursement claim crafted sua sponte in this case. Dewitt, supra* note 17 at 304; *In re Hines*, Okl., 509 P.2d 669, 672 (1973); *Spaulding, supra* note 11 at 583.

**20.** *Butter Nut, supra* note 11 at 845; *Bituminous, supra* note 11, 102 P.2d at 609; *Dewitt, supra* note 17 at 304; *Spaulding, supra* note 11 at 583.

**21.** *Spaulding, supra* note 11 at 583–584.

**22.** *See supra* note 16.

**23.** Art. 7, § 7(a), Okl. Const.; *Eskridge v. Ladd*, Okl., 811 P.2d 587, 591 (1991) (Opala, C.J. concurring). District court rules of pleading and practice have no place in compensation proceedings. *Camps, supra* note 10 at 638 (Opala, J., concurring); *Dudley v. Major Construction Company*, Okl., 345 P.2d 881, 884 (1959); *Bendelari v. Kinslow*, 192 Okl. 390, 136 P.2d 918, 922 (1943); *McCallum & Forber v. Owens*, 184 Okl. 66, 85 P.2d 411 (1938); *Pure Oil Co. v. State Industrial Commission*, 181 Okl. 176, 72 P.2d 779, 781 (1937). District court rules are inapplicable to proceedings upon a compensation claim. *Bass v. Lee Way Motor Freight, Inc.*, Okl., 804 P.2d 1138, 1139 (1991); *Brown & Root v. Dunkelberger*, 196 Okl. 116, 162 P.2d 1018, 1020 (1945) (overruled in part on other grounds by *Tulsa Hotel v. Sparks*, 200 Okl. 636, 198 P.2d 652, 655 (1948)).

**24.** *Dewitt, supra* note 17 at 304. There is no right of subrogation in a claim for death benefits. *See Earnest, Inc. v. LeGrand*, Okl., 621 P.2d 1148, 1151–1152 (1980); *Updike Advertising System, Inc. v. State Indus. Com'n*, Okl., 282 P.2d 759, 762–763 (1955).

**25.** *Earnest, supra* note 24 at 1151–1152; *Updike, supra* note 24 at 762–763. The common law is inapplicable to WC claims. *Brooks v. A.A. Davis and Co.*, 124 Okl. 140, 254 P. 66, 70–71 (1926).

rari review.[26] Lack of jurisdiction is patent on the face of the proceedings in this cause. The WC court was without cognizance to decide *more than* the worker's claim against her employers or the latters' insurers.

In sum, any claim that does not directly affect a claimant's right to compensation is *beyond the jurisdiction* of the WC court. We conclude that the review panel impermissibly crafted *sua sponte* a TTD reimbursement claim by one employer against another.

## IV

### THE *INVOLUNTARY* DISMISSAL OF RED ROCK AS A PARTY RESPONDENT IS JURISDICTIONALLY FLAWED

 A worker's quest to receive compensation for an on-the-job injury *is a statutory public-law proceeding rather than a private dispute.*[27] If *timely prosecuted,* a claim *may not be terminated by involuntary dismissal.*[28] The compensation law's provisions in force since its earliest enactment in 1915 require that the trial tribunal *"shall make or deny an award"*[29] upon due consideration of the proof and of the applicable principles of law that govern the proceeding, "together with a statement of its conclusions of fact and rulings of law".[30] Subject to dismissal for "want of prosecution" are only those legislatively described claims in which a claimant did not "in good faith request a hearing and final determination ... within five (5) years from the date of filing ... or within five (5) years from the date of last payment of compensation or wages in lieu thereof."[31] In *all other instances, the trial tribunal is utterly powerless to dismiss* a claim (without a hearing and determination of its legal sufficiency) which is timely prosecuted to determination within the defined period. An order that dismisses either a party or the claim (which is timely pressed), *sans* the statutorily mandated inquiry *cum* findings, is void upon the face of the proceedings.[32]

 The June 18, 1993 dismissal of Red Rock *without further inquiry* is facially in-

26. It is this court's duty to inquire *sua sponte* not only into its own jurisdiction but also into the cognizance of the court whence the case came by appeal or on certiorari. *Lincoln Bank and Trust v. Tax Com'n,* Okl., 827 P.2d 1314, 1318 (1992); *Fields v. A & B Electronics,* Okl., 788 P.2d 940, 941 (1990); *Hall v. Edge,* Okl., 782 P.2d 122, 124 (1989); *Baylis v. City of Tulsa,* Okl., 780 P.2d 686, 688 (1989); *April v. City of Broken Arrow,* Okl., 775 P.2d 1347, 1355 (1989); *Snyder v. Smith Welding & Fabrication,* Okl., 746 P.2d 168, 171 (1986); *Luster v. Bank of Chelsea,* Okl., 730 P.2d 506, 508 (1986); *Matter of Initiative Petition Filed Nov. 15, 1983,* Okl., 718 P.2d 1353, 1354 (1986); *Cate v. Archon Oil Co., Inc.,* Okl., 695 P.2d 1352, 1356 n. 12 (1985); *Spain v. Kernell,* Okl., 672 P.2d 1162, 1164–1165 (1983); *Woods Petroleum Corp. v. Sledge,* Okl., 632 P.2d 393, 394 (1981); *Pointer v. Hill,* Okl., 536 P.2d 358, 361 (1975); *Hayhurst v. Hayhurst,* Okl., 421 P.2d 257, 260 (1966); *Mid-Continent Pipe Line Co. v. Wilkerson,* 200 Okl. 335, 193 P.2d 586, 588 (1948); *Harber v. McKeown,* 195 Okl. 290, 157 P.2d 753, 754 (1945); *Bryan v. Seiffert,* 185 Okl. 496, 94 P.2d 526, 531–532 (1939).

27. *Special Indemnity Fund v. Reynolds,* 199 Okl. 570, 188 P.2d 841, 842 (1948); *National Gypsum Co. v. Brewster,* Okl., 461 P.2d 593, 596 (1969); *Reynolds v. Special Indemn. Fund,* Okl., 725 P.2d 1265, 1270 (1986).

28. Unlike district court suits, compensation claims may not be terminated by the trial tribunal's involuntary dismissal. *Pure Oil, supra* note 23 at 781; *Bendelari, supra* note 23 at 922; *Dudley, supra* note 23 at 884.

29. Okl.Sess.L.1915, Ch. 246, § 10, p. 480; the quoted text, substantially unchanged, is now found in 85 O.S.1991 § 26. *See Dudley, supra* note 23 at 884; *McCallum, supra* note 24 at 411; *Royal Mining Co. v. Murray,* 167 Okl. 460, 30 P.2d 185, 187 (1934).

30. Okl.Sess.L.1915, Ch. 246, § 10, p. 480; the quoted language, substantially unchanged, is now found in 85 O.S.1991 § 26.

31. The trial tribunal's power to dismiss a proceeding in which *no* hearing upon the claim was timely requested was *added* in 1953 by an amendment in 85 O.S.1951 § 43. The added text is now found in 85 O.S.Supp.1994 § 43(B). The 1953 amendment, which sought to fill a void in the trial tribunal's authority to raise a time bar against long-pending claims that went unheard—a problem this court dealt with in *Simon v. Amerada Petroleum Co.,* 207 Okl. 255, 249 P.2d 120, 122 (1952), and in *Pauly Jail Bldg. Co. v. Akin,* 184 Okl. 249, 86 P.2d 796, 797 (1939)—*narrowly* authorized dismissals of *only* those claims which stood unpressed for more than five (5) years. *No other involuntary dismissals have ever been authorized. See Beatty v. Scott,* Okl., 362 P.2d 699, 700–701 (1961).

32. *Royal Mining Co. v. Murray,* 167 Okl. 460, 30 P.2d 185, 187 (1934).

firm. The trial judge's order neither adjudicated Red Rock's liability, if any it have, for the claimant's injury nor determined the period of time during which the claimant may have suffered some further harm while a Red Rock employee. The review panel was duty-bound to set aside the facially defective dismissal. We must sustain its action. On this record we express no opinion about Red Rock's liability.[33]

The claimant's failure to appeal from Red Rock's June 18 dismissal raises an issue whether the claimant's failure to seek review of that decision amounts in law to a voluntary dismissal[34] or an acquiescence in the dismissal that may rise in law to a voluntary abandonment of her claim.[35] We leave that question unsettled since the claim must be remanded on other grounds.

## V

### SUMMARY

The three-judge panel's *sua sponte* interposition of a reimbursement claim by Kelly against Red Rock is facially tainted by a jurisdictional defect. The WC court lacks adjudicative authority to entertain such a reimbursement claim for TTD liability. *It is this court's duty to vacate that part of the panel's order which is coram non judice.* The dismissal of Red Rock, anterior to its judicial exoneration or subjection to liability, lies *dehors* the powers of the trial tribunal. We sustain the panel's vacation of Red Rock's dismissal from the proceedings as a party respondent. On certiorari previously granted,

THE COURT OF APPEALS' OPINION IS VACATED; THE THREE–JUDGE PANEL'S VACATION OF E2'S DISMISS-

AL AS A PARTY RESPONDENT IS SUSTAINED; THAT PART OF THE PANEL'S ORDER WHICH INTERPOSES *SUA SPONTE* A REIMBURSEMENT CLAIM BY ONE EMPLOYER AGAINST ANOTHER IS VACATED; AND THE CLAIM IS REMANDED FOR FURTHER PROCEEDINGS TO BE CONSISTENT WITH TODAY'S PRONOUNCEMENT.

ALMA WILSON, C.J., and HODGES, LAVENDER, SIMMS and OPALA, JJ., concur.

KAUGER, V.C.J., and HARGRAVE, SUMMERS and WATT, JJ., dissent.

---

**33.** See in this connection *Parks v. Flint Steel Corp.,* Okl., 755 P.2d 680 (1988). There, the claimant brought a compensation claim against a former employer [E1] for a hearing loss. E1 invoked the "last injurious exposure" rule, arguing that the claimant's present employer [E2] was responsible for claimant's condition. The court held there was no "valid reason to apply the rule" because, according to undisputed medical evidence, the disability was caused solely by an accidental injury occurring during the earlier employment. Similarly, there is no need to consider apportionment of liability in the present

case in which there has been no adjudication of Red Rock's liability and Kelly ·does not seek review of the TTD award against it.

**34.** A claim's voluntary dismissal is authorized by the teachings of *Oklahoma Pipe Line Co. v. Farrell,* 160 Okl. 58, 15 P.2d 599 (1932).

**35.** Whether there has been a voluntary dismissal by failure to appeal is a matter of intent. This is an issue to be explored in post-remand proceedings.