1998 OK CIV APP 65

1998 OK CIV APP 65

**In the Matter of the Death of Michael A. SALAZAR, Deceased,**

**Donita Stewart Salazar, Claimant,**

**Carol Ann Cook, mother and next friend of Matthew A. Salazar and Kristian Y. Salazar, minor children of the deceased, Claimants.**

**Jim GRENNAN, Attorney at Law, Petitioner,**

v.

**BONRAY DRILLING, Liberty Mutual Insurance Co., and the Workers' Compensation Court, Respondents.**

**No. 89418.**

Court of Civil Appeals of Oklahoma, Division No. 1.

April 17, 1998.

174

Jim Grennan, Oklahoma City, for Petitioner.

Aimeé J. Treece, R. Wade Cole, Oklahoma City, for Respondents.

JOPLIN, Judge:

¶1 Petitioner Jim Grennan (Grennan) seeks review of an order of a three-judge panel of the Workers' Compensation Court vacating the trial court's order and directing Grennan to repay to Respondents Bonray Drilling and Liberty Mutual Insurance Co. (Employer) sums received by Grennan as attorney's fees under a previous order of the Workers' Compensation Court later reversed on appeal. Herein, Grennan asserts the Workers' Compensation Court lacked jurisdiction to order restitution of the attorney's fees already paid. We agree with Grennan and vacate the order of the three-judge panel to that effect.

¶2 In August 1992, Decedent died as a result of accidental injuries arising out of and in the course of his employment with Employer. Claimant Donita Stewart Salazar thereafter commenced the instant action to recover death benefits. In July 1993, the Workers' Compensation trial court adjudicated Donita Stewart Salazar to be the common-law surviving spouse of Decedent, and awarded her, Decedent's two dependent children and Decedent's dependent mother benefits. Pursuant to that order, Employer paid Donita Stewart Salazar almost $17,000.00, out of which Grennan retained about $3,500.00 as attorney's fees.

¶3 Claimant Carol Ann Cook, as mother and next friend of Decedent's two dependent children, appealed the trial court's decision to a three-judge panel. The three-judge panel, by split vote, vacated the trial court's order, holding Donita Stewart Salazar had failed to prove she was Decedent's surviving common-law wife at the time of Decedent's death, and upon further review, this Court affirmed the order of the three-judge panel. *In the Matter of the Death of Michael A. Salazar, Deceased, Salazar v. Cook, et al.,* Case No. 82,745 (Okla.Civ.App.Div.1, Sept. 20, 1994) (Unpub. op. by Hansen, P.J., Adams, J. concurring, and Jones, J., concurring by reason of stare decisis).

¶4 After mandate spread below, Employer filed a motion to certify the appellate

judgment, which the trial court granted, and Employer obtained a default judgment in the district court of Oklahoma County against Donita Stewart Salazar for restitution of the sums previously paid to her by Employer under the prior Workers' Compensation Court order later reversed on appeal. Employer then filed in the Workers' Compensation Court an application for the reimbursement of attorney's fees retained by Grennan from the benefits previously paid to Donita Stewart Salazar. Grennan moved to dismiss, arguing the Workers' Compensation Court lacked jurisdiction to direct reimbursement of the attorney's fees previously paid from Donita Stewart Salazar's award. The trial court agreed with Grennan, but a three-judge panel reversed, directing Grennan to reimburse Employer the amount of the attorney's fee retained. Grennan now seeks review of that decision before this Court.

¶5 In the main, Grennan again argues the Workers' Compensation Court lacks jurisdiction to direct reimbursement of the attorney's fee paid. Employer argues that "[w]hen a cause is reversed and remanded by [an appellate] Court and the mandate is received and entered of record by the trial court, the trial court is vested with jurisdiction to make any order or enter any judgment in further progress of the cause not inconsistent with the decision of the [appellate] Court," to include in this case, an adjudication of Employer's right to reimbursement of the attorney's fee retained by Grennan from Donita Stewart Salazar's benefits paid by Employer. *See, Berland's, Inc. of Tulsa v. Northside Village Shopping Center, Inc.,* 1968 OK 136, 447 P.2d 768, 770, quoted in, *Brumark Corp. v. Corporation Comm'n,* 1996 OK CIV APP 89, 924 P.2d 296, 301. To the extent this rule applies to the district courts of this state, i.e., courts of general civil jurisdiction, we have no doubt that a district court, with both legal and equitable authority, has the jurisdictional authority to enter such orders as are necessary to carry into effect the mandate of the appellate courts. So, too, we have no doubt that the Corporation Commission of this state has the jurisdictional authority to craft such relief as is necessary to carry into effect the mandates of an appellate court, but only insofar as the Constitution of the State of Oklahoma and Oklahoma statutes actually or impliedly grant the Corporation Commission the jurisdictional authority to act. *See, e.g., Hunton Oil v. Atchison, T. & S.F. Ry. Co.,* 1987 OK CIV APP 12, 738 P.2d 191, 193 ("The Corporation Commission is a tribunal of limited jurisdiction and has only such authority as is expressly or by necessary implication conferred upon it by the Constitution and statutes of this state," but Corporation Commission has no authority to "determine private disputes between a regulated industry and private individual [as] outside the limits of its powers," with district court the proper forum for determination of private disputes.) *See also, Merritt v. Corporation Comm.,* 1968 OK 19, 438 P.2d 495 (tribunal of limited jurisdiction); *Chicago R.I. & P. Ry. Co. v. State,* 158 Okla. 57, 12 P.2d 494 (1932) (no jurisdiction to direct railway to construct private railway crossing); *McDaniel v. Moyer,* 1983 OK 39, 662 P.2d 309 (no jurisdiction to determine title to property); *Lear Petroleum Corp. v. Seneca Oil Co.,* 1979 OK 15, 590 P.2d 670 (no jurisdiction to enter money judgments against any party).

¶6 In this particular, it is generally recognized that the Workers' Compensation Court is likewise a statutory tribunal of limited jurisdiction and has only such jurisdiction as is conferred by law. *Cherokee Lines, Inc. v. Bailey,* 1993 OK 111, 859 P.2d 1106; *Bryant–Hayward Drilling Co. v. Green,* 1961 OK 127, 362 P.2d 676 (State Industrial Court is a court of jurisdiction limited only to those matters which are expressly or by necessary implication delegated by statute.). Thus, the Workers' Compensation Court is vested only with "jurisdiction and authority to determine the liability of an insurance carrier to an injured employee of the insured, and as an incident to the authority expressly granted, may determine from the evidence presented, whether there was a relationship of employer and insurance carrier in effect at the time of the injury." *Traders & General Ins. Co. v. Harris,* 1965 OK 23, 398 P.2d 843, 845. "The law does not contemplate that the [Workers' Compensation Court] shall have power to hear and determine ... rights between the employer and the insurance carrier."

*Spaulding & Osborne v. Pacific Employers Ins. Co.,* 192 Okla. 154, 134 P.2d 581, 584 (1943); *accord, State Ins. Fund v. Asarco Inc.,* 1989 OK 135, 782 P.2d 113 (Workers' Compensation Court without jurisdiction to determine whether insurance contract is void ab initio for fraud in execution, if invalidity does not appear on face of policy, or to grant reformation of an insurance policy, or to consider fraud in inducement of contract, or to determine whether policy has been canceled by its own terms, or to grant recision of the policy, or to relieve insurer of liability, or to award damages); *Frasier & Frasier v. Oklahoma Workers' Compensation Court,* 1993 OK 108, 859 P.2d 1098 (Workers' Compensation Court without subject matter jurisdiction to determine rights, relationships and money due under complex financial agreement between associated attorneys concerning share of net profits in multi member law firm.)

¶ 7 More recently, the Oklahoma Supreme Court, in explanation of the Workers' Compensation Court's limited jurisdiction, tacitly recognized the Workers' Compensation Court to be without authority to entertain a reimbursement claim by one employer against another, noting "the [Workers' Compensation] court's range of cognizable claims is restricted to (a) those asserted by a claimant against the employer for compensable on-the-job harm (footnote omitted) or death (footnote omitted) and (b) claims by medical providers to successful claimants." *Red Rock Mental Health v. Roberts,* 1997 OK 133, 940 P.2d 486. With regard to reimbursement claims, and from our research, it appears that the vast majority of decisions

from other states likewise recognize the limited authority of workers' compensation tribunals, holding that reimbursement claims are properly and exclusively within the general civil cognizance of the state trial courts. *See, e.g., Hartford Fire Insurance Co. v. Tucker,* 3 Va.App. 116, 348 S.E.2d 416 (1986) (workers' compensation court has no jurisdiction to adjudicate reimbursement claims of competing workers' compensation insurers); *Providence Washington Ins. Co. of Alaska v. Alaska Pacific Assurance Co.,* 654 P.2d 269 (Alaska 1982) (competing reimbursement claims of former and current workers' compensation insurers resolved in district court).

■ ¶ 8 Under these authorities, and consistent with the limited authority of the Oklahoma Workers' Compensation Court heretofore recognized, we hold the dispute over reimbursement of the attorney's fees withheld by Grennan from the benefits paid under the later-reversed award to be a predominantly private dispute between Grennan and Employer over which only the district court, not the Workers' Compensation Court, has the jurisdiction and authority to determine. We consequently conclude the order of the three-judge panel to the contrary should be and hereby is VACATED.

JONES, V.C.J., and ADAMS, J., concur.